# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF ARIZONA, et al.,<br><br>Defendants. | Civil Action No. |

## DECLARATION OF MICHAEL AYTES

Pursuant to 28 U.S.C. § 1746, I, Michael Aytes, declare and state as follows:

1.      I am employed by U.S. Citizenship and Immigration Services (USCIS), an agency

of the Department of Homeland Security (DHS), as Senior Advisor to the Director of USCIS.   I

have been employed in this position since January 2010.  My duties as Senior Advisor include,

among other things, directing the USCIS planning effort for comprehensive immigration reform

legislation and advising the Director about the direction and progress of USCIS efforts to

transform its business processes.  Prior to my current position, I have held a number of executive

level positions since 1989 involving immigration benefit management at USCIS and its

predecessor before March 2003, the Immigration and Naturalization Service (INS), including

serving as: Acting Deputy Director of USCIS between 2008 and 2010 (the highest ranking

official in the agency at that time); Associate Director, USCIS Domestic Operations Directorate

(2006-2008); Director, Information and Customer Service (1999-2006);  and Assistant

Commissioner for Service Center Operations (1989-1997).  I began my federal career with the

INS in 1977.  I make this declaration based on personal knowledge of the subject matter

acquired by me in the course of the performance of my official duties and upon information provided to me by personnel with relevant knowledge.

2.    As explained below, there are several situations in which aliens in the United States have been lawfully admitted, or are pursuing a process for obtaining a lawful status under Federal immigration law, but will not have filed an application or other form that has been designated as complying with registration requirements, and will not have been issued a document designated as evidence of registration. Nonetheless, DHS is aware of their presence through the processes provided by federal immigration law and may, in certain cases, have affirmatively decided not to pursue either removal or criminal prosecution.

3.    DHS regulations at 8 C.F.R. § 264.1(a) list certain DHS applications and other forms as registration forms for the purpose of complying with the alien registration requirements in 8 U.S.C. § 1302. DHS regulations at 8 C.F.R. § 264.1(b) designate certain DHS-issued cards and other documents (also referred to in the regulations as "forms") as forms constituting evidence of registration for the purpose of complying with 8 U.S.C. § 1304(d). In this Declaration, the DHS regulations at 8 C.F.R. § 264.1(a) and (b) are referred to as the "registration regulations."

4.    In many cases, aliens who are eligible to apply for a particular immigration benefit may file with USCIS a designated form that also is designated as a registration form in the registration regulations. Once the application is processed and/or approved, the alien is issued a document designated as evidence of registration in the registration regulations. An example of a designated registration form is the Form I-485, Application to Register Permanent Residence or Adjust Status (commonly known as an "adjustment application"). Approval of an adjustment application will result in issuance of a Form I-551 Permanent Resident Card

(commonly known as a "green card").  Adjustment applicants are also eligible to file a Form I-765, Application for Employment Authorization, which, if approved, results in the issuance of an Employment Authorization Document (EAD).  Both the green card and the EAD are designated as evidence of registration in the registration regulations.

5.     However, in a number of specific situations involving aliens within the United States who have been lawfully admitted to the United States or have a pending or approved application for a lawful immigration status, the registration regulations do not designate a DHS form currently in use as a lawful application for registration, do not specifically designate a document issued to the alien as evidence of registration, or both.  These situations include, but are not limited to:  Certain aliens eligible for relief under the Violence Against Women Act; aliens applying for asylum; aliens applying for "T" or "U" nonimmigrant status; aliens applying for Temporary Protected Status (TPS); and aliens applying for and granted nonimmigrant admission to the United States pursuant to the Visa Waiver Program.  The registration regulations do not designate any form as a general "catch-all" that aliens present in the United States who have not otherwise submitted a form described in the regulations may submit to register with DHS.  Accordingly, under these circumstances, aliens seeking the various humanitarian immigration benefits described below will not be in possession of a registration document, despite the fact that they have an application for such benefit pending with the federal government and that the federal government is aware of their presence in the United States.

6.     **Violence Against Women Act.**  The Violence Against Women Act (VAWA) enables certain aliens who have been subjected to battery or extreme cruelty by their U.S. citizen or lawful permanent resident spouse, parent, or child to self-petition for immigration benefits (8 U.S.C. § 1101(a)(51) (defining VAWA self-petitioner)).  USCIS granted 6,258 VAWA self

petitions in fiscal year 2009.  To file a VAWA self-petition, applicants submit a Form I-360

(Petition for Amerasian, Widow(er), or Special Immigrant), and written confirmation of receipt

of the petition is issued by USCIS.  Battered aliens who file a VAWA self-petition also receive a

notice of action of a prima facie determination by USCIS, which, if positive, may be used to

access certain public benefits available to victims of domestic violence.  When a VAWA self-

petition is approved, the battered alien receives an approval notice.  Upon receipt of the approval

notice, the battered alien becomes eligible, but is not required, to apply for employment

authorization.  When the battered alien is eligible to file for adjustment of status, which requires

among other things that an immigrant visa number is immediately available, the alien may file

the Form I-485 as described above; otherwise, no form or document used in the VAWA self-

petition process, including USCIS confirmation of receipt of the Form I-360, is included in the

registration regulations.

       7.      Under current DHS policy, an approved VAWA self-petitioner is placed in

deferred action status by USCIS.  Deferred action is a form of prosecutorial discretion by which

the agency elects not to assert the full scope of its authority.  Generally, a grant of deferred action

stays immigration enforcement based on convenience to the government, and provides a basis for

the alien to apply for employment authorization.  This policy provides battered aliens some

protection against immigration enforcement such as removal, and allows opportunities such as

seeking protective orders against their abusers and cooperating with law enforcement in criminal

cases brought against their abusers.

       8.      Once a battered alien receives notice of approval of the VAWA self-petition and

is placed in deferred action, the battered alien may, but is not required to, file a Form I-765

(Application for Employment Authorization), which will result in issuance of an EAD.  Current

processing times for VAWA self-petitions are 6 months, and current general processing times for EADs are 1.5 months.  Therefore, on average, a battered alien would not receive a registration document until at least 7.5 months after the initial filing of the Form I-360.  With the exception of the EAD, no form or document used in the deferred action process is included in the registration regulations.

9.     Accordingly, a battered alien who is in the United States, regardless of immigration status, and who is has filed such a VAWA self petition and is awaiting an adjudication, generally will not -- by virtue of this federal immigration process -- have submitted or obtained a form satisfying the registration regulations.

10.     **Asylum.**  Subject to certain statutory limitations, an alien who is physically present in the United States, regardless of immigration status, may apply for asylum under section 208 of the Immigration and Nationality Act (8 U.S.C. § 1158).  To apply for asylum, applicants submit a Form I-589 (Application for Asylum and Withholding of Removal).  The registration regulations do not designate the Form I-589 as a form by which aliens may comply with registration requirements.

11.     Under current DHS policy, arriving aliens who have established a credible fear of persecution and who are paroled from the custody of U.S. Immigration and Customs Enforcement (ICE) are provided with an approved Form I-94 (Arrival/Departure Record) reflecting parole status.  Although the Form I-94 is designated as evidence of registration, not all asylum applicants are arriving aliens paroled from ICE custody.

12.     For aliens affirmatively applying for asylum with USCIS, as opposed to defensively in removal proceedings before the U.S. Department of Justice's Executive Office for Immigration Review (EOIR), the applicant receives written confirmation of USCIS' receipt of

the application as well as directions for providing fingerprints. As a general matter, DHS concludes its asylum adjudication process before undertaking enforcement of immigration consequences against the alien. The applicant will then be interviewed by an asylum officer. Where a USCIS asylum officer, following an interview, determines that an alien is not eligible for asylum and the alien is not currently in a lawful immigration status, the alien is referred, typically through a Form I-862 (Notice to Appear (NTA)), for further consideration of the asylum application in removal proceedings before EOIR. If a USCIS asylum officer determines that an alien is not eligible for asylum and the alien is in a lawful immigration status, the alien is denied asylum. Any alien whose application for asylum has been pending before USCIS or EOIR at least 150 days may file a DHS Form I-765. USCIS may approve the Form I-765 as a matter of discretion if the application for asylum has been pending at least 180 days, which will result in issuance of an EAD. But before the issuance of the EAD, the alien would not necessarily possess evidence of registration. An alien whose application for asylum has been granted is issued a Form I-94, and also may file a Form I-765, which will result in issuance of an EAD. Except for the Form I-94 and EAD, which the registration regulations designate as evidence of registration, none of the forms or documents used in the USCIS asylum process are designated in those registration regulations as an application for, or evidence of, registration. USCIS granted 11,933 individuals asylum in fiscal year 2009.

13.     Accordingly, an alien who is in the United States, regardless of immigration status, and who has filed a pending application for asylum with DHS, generally will not -- by virtue of this federal immigration process -- have submitted or obtained a federal form satisfying the registration regulations, except as stated above with respect to the EAD for certain applicants whose applications have been pending more than 180 days..

6

14.     **T and U nonimmigrant status.**   Federal law provides for the grant of "T" nonimmigrant status to certain victims of trafficking and their family members in the United States (8 U.S.C. § 1101(a)(15)(T)).  In order to establish eligibility for T nonimmigrant status, aliens must establish, in part, that they are or have been a victim of a severe form of trafficking in persons, which means sex trafficking in which a commercial sex act was induced by force, fraud, or coercion, or the obtaining of a person for labor or services through the use of force, fraud, or coercion.  Aliens seeking T nonimmigrant status must submit Form I-914 (Application for T Nonimmigrant Status), which generates written confirmation of receipt of the application. Written confirmation of receipt of the application does not, however, constitute evidence of registration under the registration regulations.  The applicant must comply with fingerprinting requirements and may be interviewed, and all applications are subject to detailed review to determine eligibility and whether DHS will exercise its discretionary authority to waive applicable grounds of inadmissibility.  Approval of an application for T nonimmigrant status automatically generates an EAD and a Form I-94.  Except for the EAD and Form I-94, no form or document used in the T nonimmigrant application process is included in the registration regulations.  The current processing time for applications for T nonimmigrant status is 6 months. USCIS granted 710 individuals T nonimmigrant status in fiscal year 2009.

15.     Federal law provides for the grant of "U" nonimmigrant status to certain crime victims and their family members in the United States (8 U.S.C. § 1101(a)(15)(U)).  In order to establish eligibility for U nonimmigrant status, aliens must establish, in part, that they suffered substantial physical or mental abuse as a result of being a victim of certain delineated crimes. Those crimes include rape, torture, trafficking, incest, domestic violence, sexual exploitation, and other similarly serious crimes.  Applicants seeking U nonimmigrant status must submit a

Form I-918 (Petition for U Nonimmigrant Status). Submission of the application does not, however, provide an alien with evidence of registration designated under the registration regulations. Although an interview is not required, applicants are subject to fingerprinting and capture of other biometric indices, and applications are subject to detailed review to determine eligibility. Approval of an application for U nonimmigrant status automatically generates an EAD and Form I-94, which, as noted above, satisfy the proof of registration requirement. Except for the EAD and Form I-94, no form or document used in the U nonimmigrant application process is included in the registration regulations. The current average processing time for petitions for U nonimmigrant status is 6.1 months. U nonimmigrant status was granted to 8,663 individuals in fiscal year 2009.

16.     DHS may grant an administrative stay of a final order of removal to aliens with pending applications or petitions for T or U nonimmigrant status who have set forth a prima facie case for approval (8 U.S.C. § 1227(d)(1)). Approval of an application for a stay of removal does not automatically generate an EAD and no form or document used in the stay of removal application process is included in the registration regulations. So an alien who received a stay of removal might still not possess evidence of registration, notwithstanding an administrative order authorizing the alien's temporary presence.

17.     Accordingly, an alien who is in the United States, regardless of immigration status, and who is in the process of seeking "T" or "U" nonimmigrant status, generally will not -- by virtue of this federal immigration process -- have submitted or obtained a federal form satisfying the registration regulations.

18.     **Temporary Protected Status.** Under 8 U.S.C. § 1254a, the Secretary of Homeland Security may designate foreign states whose nationals in the United States may apply

for Temporary Protected Status (TPS) in certain cases where conditions in the foreign state prevent such aliens from being returned.  Eligible nationals cannot be detained and removed on the basis of immigration status during the period in which they have TPS.  The eligible alien must apply using DHS Form I-821 (Application for Temporary Protected Status) and DHS Form I-765.  Pursuant to the statute an alien is entitled to temporary treatment benefits, including an EAD, if the alien is prima facie eligible for TPS pending final adjudication.  An alien applying for TPS can request an EAD, which may be granted based either on a prima facie determination of eligibility or upon a final adjudication granting TPS.  Except for the EAD, no document used in the TPS application process is included in the registration regulations.  As of June 3, 2010, USCIS has approved 23,475 applications for TPS under the designation of Haiti made by the Secretary of Homeland Security on January 15, 2010 in response to the devastating earthquake in that country three days before.  The following other countries are currently within a period of designation for TPS:  El Salvador; Honduras; Nicaragua; Somalia; and Sudan.

19.     Accordingly, an alien who is in the United States, regardless of immigration status, and who is in the process of seeking TPS or has applied for TPS, generally will not -- by virtue of this federal immigration process -- have submitted or obtained a federal form satisfying the registration regulations.

20.     **Visa Waiver Program:** The Visa Waiver Program (VWP) is administered by U.S. Customs and Border Protection (CBP), an agency of DHS.  The only proof of admission currently issued to VWP travelers is the I-94W, and after implementation of the Electronic System for Travel Authorization (ESTA) is complete, the only proof of admission issued to most VWP travelers will be the entry stamp on his or her passport reflecting the date of admission.  Although the registration regulations designate the Form I-94 generally as both the application

9

for registration and the evidence of registration for nonimmigrant aliens, the registration regulations do not refer specifically to the Form I-94W.  Moreover, the ESTA process is not designated in those registration regulations as an application for, or evidence of, registration.

21.     Accordingly, an alien who is admitted to the United States through the VWP and who abides by the terms of admission, will be lawfully present but will not -- by virtue of this federal immigration process -- have submitted or obtained a federal form satisfying the registration regulations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed the 22nd day of June, 2010 in Washington, D.C.


Michael Aytes


10