Geoffrey S. Kercsmar (#20528)
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, AZ  85250
Tel:   (480) 421-1001
gsk@kflawaz.com
gbc@kflawaz.com

Paul J. Orfanedes
(Motion for admission *pro hac vice* to be filed)
James F. Peterson
(Motion for admission *pro hac vice* to be filed)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel:  (202) 646-5172

*Attorneys for Proposed Intervenor/Defendant Russell Pearce*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The United States of America, | Case No. CV-10-1413-PHX-SRB |
| Plaintiff, | |
| v. | **Motion of State Senator Russell Pearce for Intervention as Defendant** |
| The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, | **-and-** **Request for Expedited Ruling** |
| Defendants. | **(Oral Argument Requested)** |

State Senator Russell Pearce, by counsel, respectfully submits this Motion for

Intervention and Request for Expedited Ruling requesting leave to intervene as a

defendant pursuant to Federal Rule of Civil Procedure 24(a) and (b).[1]  As grounds therefor, Senator Pearce states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

In this case, Plaintiff, the United States of America, requests that this Court declare invalid and preliminarily and permanently enjoin enforcement of Senate Bill 1070, as amended, on grounds that it is preempted by federal law and therefore violates the Supremacy Clause of the United States Constitution ("SB 1070").

Proposed Intervenor/Defendant Russell Pearce is an Arizona State Senator and the sole legislative author and chief sponsor of the SB 1070.  Senator Pearce seeks to enter this lawsuit on the side of the Defendants in order to defend SB 1070 as enacted by the Arizona Legislature.  Intervention by Senator Pearce will ensure his interests, as the author and chief sponsor of SB 1070 as well as a member of the Arizona Senate, are presented and argued in the record for consideration before this Court.

### II.    Background

On April 23, 2010, Defendant Janice K. Brewer, Governor of the State of Arizona, signed SB 1070 into law.  On April 30, 2010, Governor Brewer signed House Bill ("HB

---

[1] Due to the very early stage of this action, a responsive pleading does not accompany this motion as contemplated in Rule 24(c).  If this motion is granted, Senator Pearce intends to file a motion to dismiss or answer at the appropriate time.

- 2 -

2162"), which amended various provisions of SB 1070. SB 1070, as amended, is scheduled to take effect on July 29, 2010.

Plaintiff, the United States of America, filed its Complaint on July 6, 2010, less than three weeks before SB 1070 is to take effect, and more than two months after the bill was signed into law. In the Complaint, Plaintiff asserts that SB 1070 violates the Supremacy Clause of the United States Constitution, is preempted by federal law, and violates the Commerce Clause of the United States Constitution. Also on July 6, 2010, Plaintiff filed a Motion for Preliminary Injunction, requesting that the Court preliminarily enjoin enforcement of SB 1070 to preserve the status quo until this matter can be adjudicated.

The defendants in this lawsuit are the State of Arizona and Janice K. Brewer, Governor of the State of Arizona, in her official capacity. By order dated July 7, 2010, the Court ordered Defendants to file their response to Plaintiff's Motion for Preliminary Injunction by July 20, 2010. Plaintiff waived its right to a reply, and the hearing on the Motion for Preliminary Injunction is scheduled for July 22, 2010.

**III.    Proposed Intervenor**

Russell Pearce is the State Senator for the 18th Legislative District of Arizona and has been in the legislature since 2001. During his years in the Arizona Senate, Senator Pearce has authored numerous legislative bills and propositions similar to SB 1070. Several examples of Senator Pearce's initiatives are: Arizona's Fair and Legal Employment Act and Arizona's Employer Sanctions legislation, which protect jobs for citizens of Arizona from persons unlawfully present in the United States; Proposition

100, which is a Constitutional Amendment to refuse bond to any person unlawfully present in the United States who commits a serious crime in Arizona; Proposition 102, which requires that a person unlawfully present in the United States who sues an American citizen cannot receive punitive damages; and Proposition 200, the "Arizona Taxpayers and Citizens Protection Act."

Besides authoring, sponsoring and voting for SB 1070, Senator Pearce also was an officer of the Maricopa County Sheriff's Office for twenty-three years and rose to the rank of Chief Deputy Sheriff.  As a former law enforcement official, Senator Pearce understands what is necessary to protect the safety of all Arizonans.  Based on his experience, Senator Pearce authored SB 1070 to provide local law enforcement with additional tools to protect the citizens of Arizona.

To further the interests of his legislative district and all citizens of Arizona, Senator Pearce authored SB 1070. On January 13, 2010, Senator Pearce introduced SB 1070 into the Arizona Senate.  Over several months, Senator Pearce worked with his colleagues to enact a statutory scheme that made SB 1070 the public policy of all state and local government agencies in Arizona.  Senator Pearce was the chief sponsor of SB 1070 and voted in favor of its passage.  Senator Pearce's efforts came to fruition when Governor Brewer signed SB 1070 and HB 2762 into law.

### IV. SENATOR PEARCE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Federal Rule of Civil Procedure 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by

- 4 -

> federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit has stated the test for intervention of right as follows:

> (1) the intervention must be timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). This intervention test is to be "broadly construed in favor of applicants for intervention." *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

**A.   Intervention is timely.**

Plaintiff filed its Complaint and its Motion for Preliminary Injunction on July 6, 2010. Defendants have until July 20 to respond. This motion is submitted just over one week after the Complaint and motion were filed, and nearly one week prior to when Defendant's response is due. *See Prete*, 438 F.3d at 954 (motion to intervene filed six days after plaintiff brought action was timely); *Kozak v. Wells*, 278 F.2d 104, 109 (8th Cir. 1960) (a filing for intervention that occurs before the case is truly at issue is considered timely). Moreover, Senator Pearce should not be penalized because Plaintiff waited more than two months before filing suit.

**B.     Senator Pearce Has a Direct and Protectable Interest.**

As the sole legislative author and driving force behind the enactment of SB 1070, Senator Pearce has the right to defend it. It is not unusual for a court to allow legislators to intervene in defense of a statute. *See Karcher v. May*, 479 U.S. 72, 82 (1987) (legislators could intervene to defend an act passed by the New Jersey legislature); *Coleman v. Miller*, 307 U.S. 433, 438 (1939); *Yniguez v. State of Arizona*, 939 F.2d 727, 732 (9th Cir. 1991) ("[T]he Supreme Court held that state legislators who intervened in their official capacities to defend a lawsuit challenging the constitutionality of a statute" only lacked standing after they left office); *Flores v. State of Arizona*, Case No. CV-92-596-TUC-RCC (D. Ariz.) (Order of March 15, 2006 (Dkt. Entry No. 390)) (granting legislators' motion for permissive intervention); *Powell v. Ridge*, 247 F.3d 520, 522 (3rd Cir. 2001) (granting leaders of the legislature motion to intervene as defendants to "articulate to the Court the unique perspective of the legislative branch of the Pennsylvania government."); *Clairton Sportsmen's Club v. Pennsylvania Turnpike Comm.*, 882 F. Supp. 455, 462-463 (W.D. Pa. 1995) (permitting intervention of state legislators to submit briefs and make arguments concerning the decision to build a highway system); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (a public interest group that merely supported a ballot initiative has a "significant protectable interest" in defending legality of the measure). Based on the long-standing Supreme Court precedent as well as the precedent of this circuit, Senator Pearce has a right to intervene as a defendant on account of his role not just as a legislator who voted in favor of the bill, but in particular as the author and chief sponsor of SB 1070. Senator

Pearce has worked exhaustively in seeing SB 1070 become law. He has a direct interest in seeing that the law, including all provisions of SB 1070, as amended, are defended consistent with his objectives as the author and chief sponsor of the law.

Plaintiff has acknowledged the vital role Senator Pearce has played in the enactment of SB 1070. In its memorandum in support of its motion for preliminary injunction, Plaintiff singles out Senator Pearce as instrumental in authoring the legislation. *See* "Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support Thereof" at 38, fn. 34. In fact, Senator Pearce is the only state legislator in which Plaintiff singles out in its fifty-four page memorandum. Senator Pearce, as author of the legislation, has experience and knowledge different from Defendants and any other interested party. It is because Senator Pearce was author and chief sponsor of SB 1070 that it is necessary for him to appear in this action.

**C.    The Disposition in This Case Will Directly Affect Senator Pearce.**

An unfavorable disposition in this action will directly affect Senator Pearce, as the author and chief sponsor of SB 1070. Senator Pearce's significant efforts, in authoring and shepherding SB 1070 to enactment, will be for naught if the Court rules in favor of Plaintiff. *See Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978) ("[a] question of impairment is not separate from the question of existence of an interest.").

**D.    Adequacy of Representation**

The burden under this prong has been described as "minimal," as a party seeking to intervene needs to show only that representation of his interest "may be inadequate."

*Natural Resources Defense Council*, 578 F.2d at 1345; *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972). As the Sixth Circuit has held:

> [T]he applicant [for intervention] should be treated as the best judge of whether the existing parties adequately represent his or her interests, and that any doubt regarding adequacy of representation should be resolved in favor or the proposed intervenors.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 482 (6th Cir. 2000).

In this case, Senator Pearce is concerned that defendants may not adequately represent his interests, both as a member of the legislature, and in particular as the author and chief sponsor of SB 1070. First, this case is unusual as the law is being defended not by the Arizona Attorney General, but by a private law firm retained by the Governor. At a minimum, this raises questions as to whether the law will be defended consistent with the views of the legislature, and in particular Senator Pearce, who authored SB 1070 and shepherded it through to enactment.

Moreover, Senator Pearce has noted that the Governor's likely legal defense of SB 1070 does not address certain aspects of the law that Senator Pearce views as critical. For instance, the pleadings submitted by the Governor in other cases (*Friendly House v. Whiting*, No. 10-1061-PHX-JWS (D. Az.) (Dkt Entry 208 filed June 18, 2010, Intervenor-Defendant Governor Brewer); *Salgado v. Brewer*, No. 10-951-PHX-ROS (D. Az.) (Dkt Entry 39 filed June 11, 2010, Governor Brewer's Motion to Dismiss), do not address the key issue of severability. Plaintiffs in these other cases are seeking to have SB 1070 struck down in its entirety for various constitutional reasons. To date, however, the Governor has not addressed the significance of the severability clause included in SB

- 8 -

1070 by Senator Pearce, which provides that any provision found to be unconstitutional should be severed from the remainder of SB 1070.  This provision of the legislation, which is of particular significance to Senator Pearce, is just one example of how this intervention in defense of SB 1070 is important to ensure that his interests are adequately defended.

As the author and chief sponsor of SB 1070, Senator Pearce has unique interest in and perspective on SB 1070, and he is entitled to assist in its defense.

### V.     Permissive Intervention Should Be Granted.

Fed. R. Civ. P. 24(b)(1) governs permissive intervention and provides:

> On timely motion, the Court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

This test is met here.  As shown above, Senator Pearce, from his unique position as author and chief sponsor of SB 1070, has a defense to the main action that shares both common questions of law and fact, albeit with a different perspective as described above. The Court will need to examine the same law and the same facts to adjudicate these claims.

Rule 24(b)(3) requires the Court to consider whether permissive intervention would cause undue delay or prejudice the adjudication of the rights of the existing parties.  In this instance, as described above, there will be neither prejudice or delay. Senator Pearce intends to comply with briefing schedule already in place in this matter,

and his addition as a defendant will not affect the scheduling of this case in any way. Thus, at a minimum, Senator Pearce should be granted permissive intervention.

**VI.	Senator Pearce Requests that the Court Expedite its Consideration of the Motion for Permissive Intervention.**

Senator Pearce respectfully seeks a ruling on his Motion for Intervention in advance of July 20, 2010.  While Senator Pearce recognizes the limited time remaining before this date, he submits that this accelerated schedule was necessitated by Plaintiff's decision in this case not to file its motion for preliminary relief until less than three weeks before SB 1070 takes effect.

As the author and chief sponsor of SB 1070, Senator Pearce seeks to ensure his interests are presented and argued in the record for consideration before this Court.  To that end, Senator Pearce seeks to file a response to Plaintiff's Motion for Preliminary Injunction by July 20, 2010 and be permitted to participate in oral argument on July 22, 2010.

## VII. Conclusion

For the forgoing reasons, Senator Pearce respectfully requests that this Court grant leave to Senator Pearce to intervene as a Defendant in this action.

Dated: July 14, 2010

Respectfully Submitted,

KERCSMAR & FELTUS PLLC

By:    *s/ Geoffrey S. Kercsmar*
Geoffrey S. Kercsmar (#20528)
Gregory B. Collins (#023158)
6263 N. Scottsdale Road, Suite 320
Scottsdale, AZ  85250
Tel:   (480) 421-1001

JUDICIAL WATCH, Inc.

Paul J. Orfanedes
(Motion for admission *pro hac vice* to be filed)
James F. Peterson
(Motion for admission *pro hac vice* to be filed)
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel:  (202) 646-5172

*Attorneys for Proposed Intervenor/Defendant Russell Pearce*

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2010, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Plaintiff United States of America
Represented by Joshua Wilkenfeld
joshua.i.wilkenfeld@usdoj.gov

Varu Chilakamarri
varudhini.chilakamarri@usdoj.gov

Defendant State of Arizona and Janice K. Brewer, Governor of the State of Arizona
Represented by John J. Bouma
jbouma@swlaw.com

Joseph G. Adams
jgadams@swlaw.com

Joseph Andrew Kanefield
jkanefield@az.gov

Robert Arthur Henry
bhenry@swlaw.com

Amicus Center on the Administration of Criminal Law
Represented by Anne Milgram
anne.milgram@nyu.edu

Anthony S. Barkow
anthony.barkow@nyu.edu

Ellen London
elondon@fklaw.com

Jessica Alexandra Murzyn
jmurzyn@fklaw.com

Ricardo Solano, Jr.
rsolano@kflaw.com

Timothy J. Casey
SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Special Assistant Attorney General for Michigan
For *Amici Curiae* Michigan, Florida, Alabama, Nebraska, Northern Mariana Islands, Pennsylvania, South Carolina, South Dakota, Texas and Virginia
timcasey@azbarristers.com

In addition a COURTESY COPY was mailed this day to:
HONORABLE SUSAN R. BOLTON
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street
SPC 50
Phoenix, Arizona 85003-2153


By     *s/ Geoffrey S. Kercsmar*