Tony West
Assistant Attorney General
Dennis K. Burke
United States Attorney
Arthur R. Goldberg
Assistant Director, Federal Programs Branch
Varu Chilakamarri (NY Bar #4324299)
Joshua Wilkenfeld (NY Bar #4440681)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8489/Fax (202) 616-8470
varudhini.chilakamarri@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br><br>Plaintiff,<br><br>v.<br><br>The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity,<br><br>Defendants. | No. 2:10-cv-1413-SRB<br><br>**PLAINTIFF'S RESPONSE TO THE MOTION OF STATE SENATOR RUSSELL PEARCE FOR INTERVENTION AS DEFENDANT** |

**INTRODUCTION**

The United States respectfully submits this memorandum in opposition to the motion by State Senator Russell Pearce to intervene as a defendant in this action which challenges the constitutionality of Arizona's S.B. 1070.  The movant – who is apparently acting in his capacity as a single state senator  – has failed to establish either that he is entitled to intervene as of right or that he should be permitted to intervene, and he has therefore failed to satisfy the prerequisites for intervention under Rule 24 of the Federal Rules of Civil Procedure.  This Court should thus deny Senator Pearce's motion and avoid unnecessarily complicating this matter with the addition of a new defendant.

**ARGUMENT**

**I.     The Movant Has Not Established That He May Intervene as of Right Under Rule 24(a)(2)**

Senator Pearce contends that he is entitled to intervene as of right under Rule 24(a). A proposed intervenor bears the burden of demonstrating that he has satisfied the requirements for intervention. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). An applicant for intervention must meet a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet General Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010). "Failure to satisfy any one of the requirements is fatal to the application" for intervention. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Here, Senator Pearce fails to meet the second, third, and fourth elements of this test, and accordingly he may not intervene as of right.

*First*, Senator Pearce asserts that he satisfies elements two and three of the intervention test, because he was the "sole legislative author and driving force behind the enactment of SB 1070" and has "worked exhaustively in seeing SB 1070 become law." Mot. of State Sen. Pearce, at 6-7, Doc. 33. Senator Pearce's involvement in passing S.B. 1070 is simply not sufficient to constitute a "protectable interest" that would allow his intervention as of right in this case.

The "requirement of a significantly protectable interest is generally satisfied when the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Arakaki v. Cayetano,* 324 F.3d 1078, 1084 (9th Cir.2003) (internal quotation marks omitted). In accordance with this standard, this Circuit has allowed intervention based upon "protectable interests" such as contractual rights, federal pollution permits, and other similar interests. *See, e.g., SW Ctr.*

*for Biological Diversity v. Berg* 268 F.3d 810, 820 (9th Cir. 2001); *Sierra Club v. EPA*, 995 F.2d 1478, 1482-83 (9th Cir. 1993). The Ninth Circuit has made clear, however, that an "undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (quoting *Public Serv. Comp. of New Hampshire v. Patch,* 136 F.3d 197, 205 (1st Cir.1998)).[1]

Indeed, in a very similar context, U.S. Senator John Kerry and Congressman Jay Inslee moved to intervene in a case brought by an environmental group against a federal agency to compel the agency to comply with congressional reporting requirements, but a federal district court within this Circuit held that "as *individual members of Congress*" the movants had "not demonstrated a legally protectable interest in the production of the [scientific reports]." *Ctr. for Biological Diversity v. Brennan*, 571 F. Supp. 2d 1105, 1128 (N.D.Cal.2007) (emphasis added). Because the putative intervenors were not "alleging [that] they have been authorized to represent their respective Houses of Congress in this action," the court found that their interests in protecting their "ability to engage in . . . policymaking and legislation activities" and in representing "their constituents, whom they seek to keep well informed," were not sufficient to constitute a "protectable interest." *Id.* at 1126-27.[2]

---

[1] For example, courts have held that generalized interests such as "pure economic expectancy" and "contingent" interests are not sufficient for intervention as of right. *See Alisal Water*, 370 F.3d at 920 (finding "prospective collectability of a debt" insufficient to establish a right of intervention); *So. Cal. Edison Co. v. Lynch,* 307 F.3d 794, 803 (9th Cir.2002) (holding applicants' "contingent, unsecured claim against a third-party debtor" fell "far short of the 'direct, non-contingent, substantial and legally protectable' interest required for intervention" as of right.") (citations omitted).

[2] The court in *Brennan* noted that the principles articulated in the "legislator standing" cases "share[] a kinship to the notion of a protectable legal interest." 571 F. Supp. 2d, at 1128 ("[E]very time a statute is not followed . . . the votes of legislators are mooted and the power of the legislature is circumscribed in a sense, but that is no more than a facet of the generalized harm that occurs to the government as a whole.") (quoting *Newdow v. United States Congress*, 313 F.3d 495, 499 (9th Cir. 2002).

So too here, Senator Pearce's work in passing S.B. 1070 and his desire to see this legislation upheld is generalized and simply not sufficient to constitute a "protectable interest" that would allow his intervention in this case. His efforts and interests regarding S.B. 1070 are shared by many others, and, under his reasoning, each of the 30 state senators and 60 members of the house – and even their staffers who expended efforts on this legislation – would have a right to intervene in this case to express their diverging viewpoints. While Senator Pearce may claim a heightened interest in this matter because he was S.B. 1070's chief sponsor, allowing his intervention on this basis would place the court in the troubling position of having to assess the legislative contributions of others in order to determine their right to intervene.

Also troubling is that none of the cases cited as precedential support in Senator Pearce's motion stand for the proposition that a state senator has a right to intervene to defend legislation he supports. *See* Mot. of State Sen. Pearce, at 6. For example, in *Karcher v. May*, 484 U.S. 72 (1987), the Supreme Court found that the Speaker of the General Assembly and the President of the New Jersey Senate had been properly allowed to intervene "on behalf of the legislature" to defend a legislative enactment, where the legislature had been authorized under state law to represent the state's interest in court and where the state executive declined to defend the legislation. *Id*. at 72, 77. These circumstances are not present here, where the State and Governor are active defendants and where a single senator is seeking to inject himself into litigation on his own behalf. Indeed, the Court in *Karcher* specifically noted that the legislators there had not intervened in their capacities as individual legislators and would not be entitled to appeal in their individual and professional capacities. *Id*. at 77-78. The other authorities cited in Senator Pearce's motion are similarly distinguishable because they deal with intervention

4

on behalf of a legislative body (which Senator Pearce does not purport to be doing here),[3] or they are simply inapposite.[4]

*Second*, even if Senator Pearce had a "protectable interest" in this matter, he is not entitled to intervene as of right, because he has failed to establish the fourth element required for such intervention, *i.e.*, that his asserted interests are "inadequately represented" by the parties to the action. As the Ninth Circuit has explained, the "'most important' factor to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry*, 587 F.3d at 950 -951 (citing *Arakaki*, 324 F.3d at 1086). Where the proposed intervenor and an existing party share the same "ultimate objective," a "presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Id*. at 951. This presumption applies with special force where, as here, a governmental unit has appeared to defend the legality of its own statutes or ordinances. In *Arakaki*, the Ninth Circuit stated that there is "an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a *very compelling showing to the contrary*, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." 324 F.3d at 1086 (internal quotation omitted,

---

[3] *See Yniguez v. Arizona,* 939 F.2d 727, 733 (9th Cir. 1991) (finding that sponsors of a ballot initiative were in "an analogous position" to the "Arizona legislature" with respect to "standing to defend its constitutionality"); *Flores v. Arizona*, Case No. 92-cv-0596, Doc. 390 (D. Ariz.) (granting intervention by the Speaker of the Arizona House and the President of the Senate, acting on behalf of the legislature, to defend a statute where the Governor opposed the act and the Attorney General conceded that the legislature should have its own counsel.

[4] *See Coleman v. Miller*, 307 U.S. 433, 437-38 (1939) (finding that twenty-four members of the state legislature could bring action to challenge validity of senate procedure that resulted in their votes being overridden); *Powell v. Ridge*, 247 F.3d 520, 523 (3d Cir. 2001) (reciting that the district granted an unopposed motion for intervention by legislative leaders); *Clairton Sportsmen's Club v. Pennsylvania Turnpike Com'n*, 882 F. Supp. 455, 462 (W.D. Pa.1995) (noting with no analysis that numerous organizations and individuals, including legislators, had previously been permitted to intervene); *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983) (finding that an environmental group could intervene to protect preservation interests that would not otherwise be adequately protected).

emphasis added); *see also Gonzales v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007). Here, in order to make such a "very compelling showing," Senator Pearce would need to show that the State and Governor Brewer cannot, or will not, adequately defend the constitutionality of S.B. 1070 due to their "'adversity of interest, collusion, or nonfeasance.'" *League of United Latin Am. Citizens ("LULAC") v. Wilson,* 131 F.3d 1297, 1305 n.4 (9th Cir. 1997) (quoting *Moosehead San. Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979)). Such a showing is unavailable in this case, where the State and Governor Brewer have been vigorously defending the constitutionality of S.B. 1070.

But Senator Pearce does not even attempt to make a "very compelling showing" that the defendants will not adequately defend S.B. 1070. Instead, he asserts that he is "concerned that defendants may not adequately represent his interests," because the case is being defended by a private law firm retained by the Governor, raising "questions as to whether the law will be defended consistent with the views of the legislature." Mot. of State Sen. Pearce, at 8. Ironically, there is no guarantee that Senator Pearce himself would defend S.B. 1070 in a manner "consistent with the views of the legislature," given that he is not intervening on behalf of the legislature, but on his own accord. Moreover, any concern that Senator Pearce may raise by the fact that a private law firm is representing the Governor in defending S.B. 1070 is immediately belied by the fact that in passing S.B. 1070 – which Senator Pearce takes credit for authoring – the Arizona legislature explicitly authorized the Governor to hire private counsel to defend any challenge to the law. *See* S.B. 1070, § 14.[5]   Senator Pearce also notes that "the Governor's likely legal defense of SB 1070 does not address certain aspects of the law

---

[5] In addition, it is not clear why Senator Pearce's argument is limited to situations where a statute is defended by privately retained counsel. Senator Pearce seems to suggest that his motion for intervention is only necessitated by the reliance on outside counsel, and that the motion therefore would not have been necessary had the State's Attorney General retained responsibility for defending the constitutionality of S.B. 1070. But Senator Pearce has not in any way established that the litigation strategy adopted by the Defendants' attorneys would be different if the Attorney General's office were defending this action, or that the Attorney General would have been required to defend this action in a way that complied with the dictates of Senator Pearce or any other legislator.

6

that [he] views as critical," noting that the Governor's responses in other cases involving S.B. 1070 do not discuss the issue of severability – a concept of construction with which this Court is undoubtedly already familiar. Mot. of State Sen. Pearce, at 8. However, the State and the Governor have not yet responded to the United States' complaint or motion for preliminary injunction, and, in any event, the mere "disagreement over litigation strategy or legal tactics" cannot support a claim for intervention as of right. *LULAC*, 131 F.3d at 1306; *see also Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Simply put, Senator Pearce has not made a showing – compelling or otherwise – that the defendants will not adequately defend S.B. 1070 in this action, and he certainly has not shown any "adversity of interest, collusion, or nonfeasance" on the part of the defendants.[6] Therefore, his motion to intervene as of right must be denied.

**II.    The Motion to Intervene Should Be Denied Because Senator Pearce Cannot Qualify for Permissive Intervention**

Senator Pearce also moves for permissive intervention under Rule 24(b). To qualify under this rule, an intervenor must make three showings: (1) that there are independent grounds for jurisdiction; (2) that the motion is timely; and (3) that its claims or defense and the main action share a common question of law or fact. *See So. Cal. Edison Co.*, 307 F.3d at 803. "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id.* Here, Senator Pearce does not qualify for permissive intervention, because he cannot show an independent ground for jurisdiction. There is no live case or controversy between the United States and Senator Pearce – the United States' complaint seeks no relief against Senator Pearce, nor would the United States need to seek relief against him for its interests to be vindicated. Senator Pearce, unlike the defendants, would play no role in the enforcement of S.B. 1070. *Cf. Diamond v. Charles*, 476 U.S. 54, 66 (1986) (denying

---

[6] Further, if Senator Pearce has specific arguments that he believes merit this Court's attention, he could attempt to submit an *amicus curiae* brief to raise those issues without attempting to intervene.

7

private party standing to intervene as defendant to defend a state criminal statute).[7] Senator Pearce thus cannot meet the threshold requirement for permissive intervention.

Even if Senator Pearce were able to meet the requirements of Rule 24(b), the United States respectfully suggests that the Court nonetheless exercise its discretion to deny permissive intervention here. "Increasing the number of parties to a suit can make the suit unwieldy," *Solid Waste Agency of Northern Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996), particularly here, where there are already a number of related actions and numerous additional filings by non-parties. The proposed intervention would do nothing to assist the Court in reaching a decision on the legal issue presented in this action, where the state's interests are already represented.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion of State Senator Pearce for Intervention as a Defendant.

DATED: July 19, 2010

                                                Respectfully Submitted,

                                                Tony West
Assistant Attorney General

Dennis K. Burke
United States Attorney

Arthur R. Goldberg
Assistant Director, Federal Programs Branch

*/s/ Varu Chilakamarri*
Varu Chilakamarri (NY Bar #4324299)
Joshua Wilkenfeld (NY Bar #4440681)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.

---

[7] In *Perry*, the Ninth Circuit noted that "[w]e have yet to decide whether putative intervenors must satisfy standing independently of the parties to the case. The circuits are split on this issue. *See Prete,* 438 F.3d at 956 n. 8 (citing cases)." However, because the district court in *Perry* correctly denied the Campaign's motion to intervene as a defendant under Rule 24 on other grounds, the Ninth Circuit did not need to consider standing in that case. *See Perry*, 587 F.3d at 950 & n.2.

Washington, DC  20530
Tel.  (202) 616-8489/Fax (202) 616-8470
varudhini.chilakamarri@usdoj.gov
*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 19, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

        /s/ *Varu Chilakamarri*
        Varu Chilakamarri