Geoffrey S. Kercsmar (#20528)
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, AZ  85250
Tel:  (480) 421-1001
gsk@kflawaz.com
gbc@kflawaz.com

Paul J. Orfanedes
(Motion for admission *pro hac vice* to be filed)
James F. Peterson
(Motion for admission *pro hac vice* to be filed)
Michael Bekesha
(Motion for admission *pro hac vice* to be filed)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel:  (202) 646-5172

*Attorneys for Proposed Intervenor/Defendant Russell Pearce*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The United States of America, | Case No.: 2:10-cv-01413-SRB |
| Plaintiff, | |
| v. | **STATE SENATOR RUSSELL PEARCE'S REPLY IN SUPPORT OF MOTION FOR INTERVENTION AS DEFENDANT AND REQUEST FOR EXPEDITED RULING** |
| The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, | |
| Defendants. | |

State Senator Russell Pearce, by counsel, respectfully submits this Reply in support of his Motion for Intervention as Defendant and Request for Expedited Ruling (the "Motion").  As grounds therefor, Senator Pearce states as follows:

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Senator Pearce is entitled to intervene as a matter of right.

The Court of Appeals for this Circuit has recognized that a motion for intervention is to be "broadly construed in favor of applicants for intervention." *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986) ("In applying this test we are guided primarily by practical considerations."). Since Senator Pearce is the sole legislative author and chief sponsor of Senate Bill 1070, as amended by House Bill 2162 ("SB 1070"), it makes practical sense and is well within this Court's discretion for Senator Pearce to be permitted to intervene. As the author and chief sponsor of SB 1070, Senator Pearce has a unique interest in and perspective on SB 1070, and he is entitled to assist in its defense. Plaintiff moreover does not contest Senator Pearce's assertion that Plaintiff itself recognized his unique interest when it singled out Senator Pearce in its motion. *See* "Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support Thereof" at 38, fn. 34.

### A. Senator Pearce has demonstrated that courts allow legislators to intervene in defense of a statute.

As Senator Pearce demonstrated in his motion, it is not unusual for a court to allow legislators to intervene in defense of a statute. *See, e.g., Yniguez v. State of Arizona*, 939 F.2d 727, 732 (9th Cir. 1991) ("[T]he Supreme Court held that state legislators who intervened in their official capacities to defend a lawsuit challenging the constitutionality of a statute" only lacked standing after they left office). While Plaintiff

attempts to distinguish the numerous cases cited by Senator Pearce in which state legislators were granted leave to intervene by focusing on the varying factual circumstances of those cases, Plaintiff's reliance on simply one case is particularly inapt. *See* Plaintiff's Response at 3 (citing *Center for Biological Diversity v. Brennan*, 571 F. Supp. 2d 1105 (N.D. Cal. 2007). In that case, which Plaintiff claims occurred in a "very similar context" to that of the instant Motion, U.S. Senator John Kerry and Congressman Jay Inslee attempted to intervene as plaintiffs and sought a declaration that government officials were "in violation of the Global Change Research Act" and to compel the officials to issue a report. *Id.* at 1113. They did not move to intervene to defend the constitutionality of a statute. In sharp contrast, Senator Pearce has cited cases in which legislators successfully intervened as defendants to *defend* the constitutionality of a statute. Senator Pearce in this case has a unique and undisputed interest as the sole legislative author and chief sponsor of SB 1070, and it is well within this Court's discretion to grant Senator Pearce's motion on that basis.

**B.   Senator Pearce has shown that representation of his interests may be inadequate.**

To establish intervention as a matter of right, a proposed intervenor must show that his interest is "inadequately represented" by the parties to the action. Plaintiff mischaracterizes this burden. As the Ninth Circuit has held, the requirement of "inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and that the burden of making this showing is minimal." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). Senator Pearce

demonstrated that defendants *may not* adequately represent his interests, by noting that, among other things, the Governor's likely legal defense of SB 1070 does not address certain aspects of the law that Senator Pearce views as critical, such as severability.

Plaintiff asserts that Senator Pearce must show that the defendants "cannot, or will not, adequately defend the constitutionality of S.B. 1070 due to their adversity of interest, collusion, or nonfeasance." Response at 6. This is simply incorrect. The Ninth Circuit addressed precisely this point and explained:

> We also agree that thus far in this litigation, the government, through the United States Attorney, has continued professionally and diligently to defend the actions of Secretary Andrus; there is no indication in this record of collusion or of any other conduct detrimental to the applicant's interest. *Nevertheless, such a showing is not required.*

*Sagebrush Rebellion*, 713 F.2d at 528 (emphasis added). Senator Pearce has met his burden under this Circuit's precedent.

## II.    Permissive intervention should be granted.

Plaintiff argues that Senator Pearce does not qualify for permissive intervention because he cannot show that he has Article III standing. Response at 7. But no such requirement exists in this Circuit.

A party does not need independent standing to intervene in existing litigation under Rule 24(b), as long as another party on its side meets the requirements of Article III standing. "[T]he requirement of a legally protectable interest applies only to intervention as of right under Rule 24(a), not permissive intervention under Rule 24(b)." *Employee Staffing Services, Inc.*, v. *Aubry*, 20 F. 3d 1038, 1042 (9th Cir. 1994); *see also*

- 4 -

*Yniguez* v. *Arizona*, 939 F. 2d 727, 731 (9th Cir. 1991) (noting that a potential intervenor requires standing only when no other party with standing remains in the litigation). Permissive intervention without Article III standing also is common in other circuits. *See, e.g.*, *Dillard* v. *Baldwin County Comm'rs*, 225 F.3d 1271, 1277-78 (11th Cir. 2000) ("[A] party seeking to intervene into an already existing justiciable controversy need not satisfy the requirements of standing as long as the parties have established standing before the court."); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) ("[A] party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit"); *San Juan County* v. *U.S.*, 503 F.3d 1163, 1171-72 (10th Cir. 2007) (reasoning that the Supreme Court has on many occasions found an intervenor's lack of standing unimportant as long as another party in the case did have standing, and thus "parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing 'so long as another party with constitutional standing on the same side as the intervenor remains in the case.'" (*citing San Juan County v. U.S.*, 420 F.3d 1197, 1205 (10th Cir. 2005)); *Shaw* v. *Hunt*, 154 F.3d 161, 165 (4th Cir. 1997) ("[A] party who lacks standing can nonetheless take part in a case as a permissive intervenor."); *U.S. Postal Service v. Brennan*, 579 F.2d 188, 190 (2nd Cir. 1978) ("The existence of a case or controversy having been established as between the [parties], there was no need to impose the standing requirement upon the proposed intervenor."). Hence, contrary to Plaintiff's claim, Senator Pearce satisfies the threshold requirement for permissive intervention.

Plaintiff also does not contest that Senator Pearce has a defense that shares with the main action a common question of law or fact.  As asserted in his motion, Senator Pearce, from his unique position as author and chief sponsor of SB 1070, has a defense to the main action that shares both common questions of law and fact, albeit with a different perspective.  The Court will need to examine the same law and the same facts to adjudicate these claims.

Finally, Plaintiff asserts that Senator Pearce should not be granted intervention because "there are already a number of related actions and numerous additional filings by non-parties."  Response at 8.  Plaintiff does not, however, cite any case law or otherwise explain why this fact should deprive Senator Pearce of the opportunity to defend SB 1070.  Notably, Plaintiff does not contest Senator Pearce's assertions that his intervention will neither prejudice nor delay this case in any way.  Thus, at a minimum, Senator Pearce is entitled to permissive intervention.

**VII.   Conclusion**

For the foregoing reasons, Senator Pearce respectfully requests that this Court grant leave to Senator Pearce to intervene as a Defendant in this action.

Dated: July 20, 2010                                   Respectfully Submitted,

                                                                                                KERCSMAR & FELTUS PLLC

                                                By:   /s/ Geoffrey S. Kercsmar
                                                       Geoffrey S. Kercsmar (#20528)
                                                       Gregory B. Collins (#023158)
                                                     6263 N. Scottsdale Road, Suite 320
                                                       Scottsdale, AZ  85250
                                                       Tel:  (480) 421-1001

                                      Paul J. Orfanedes
                                      (Motion for admission *pro hac vice* to be filed)
                                      James F. Peterson
                                      (Motion for admission *pro hac vice* to be filed)
                                      Michael Bekesha
                                      (Motion for admission *pro hac vice* to be filed)
                                      JUDICIAL WATCH, INC.
                                      425 Third Street, S.W., Suite 800
                                      Washington, DC  20024
                                      Tel:  (202) 646-5172

                                      *Attorneys for Proposed Intervenor/Defendant*
                                      *Russell Pearce*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2010, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Plaintiff United States of America
Represented by Joshua Wilkenfeld
joshua.i.wilkenfeld@usdoj.gov

Edwin S. Kneedler
Edwin.S.Kneedler@usdoj.gov

Varu Chilakamarri
varudhini.chilakamarri@usdoj.gov

Defendant State of Arizona and Janice K. Brewer, Governor of the State of Arizona
Represented by John J. Bouma
jbouma@swlaw.com

Joseph G. Adams
jgadams@swlaw.com

Joseph Andrew Kanefield
jkanefield@az.gov

Robert Arthur Henry

1  bhenry@swlaw.com

2
   Amicus Center on the
3  Administration of Criminal Law
   Represented by Anne Milgram
4  anne.milgram@nyu.edu

5  Anthony S. Barkow
6  anthony.barkow@nyu.edu

7  Ellen London
   elondon@fklaw.com
8

9  Jessica Alexandra Murzyn
   jmurzyn@fklaw.com
10

   Ricardo Solano, Jr.
11 rsolano@kflaw.com

12
   Timothy J. Casey
13 SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
   Special Assistant Attorney General for Michigan
14 For *Amici Curiae* Michigan, Florida, Alabama,
   Nebraska, Northern Mariana Islands, Pennsylvania,
15 South Carolina, South Dakota, Texas and Virginia
16 timcasey@azbarristers.com

17 Carolyn B. Lamm *(pro hac vice)*
   Stephen N. Zack *(pro hac vice)*
18 Sara Elizabeth Dill *(pro hac vice)*
   Andrew Silverman *(pro hac vice)*
19 American Bar Association
20 clamm@whitecase.com
   szack@bsfllp.com
21 sdill@pkjlaw.com

22
   Joseph M. Livermore
23 University of Arizona
   James E. Rogers
24 College of Law
   silverman@law.arizona.edu
25

   Barnaby W. Zall

- 8 -

1  American Unity Legal Defense Fund, Inc.
2  bzall@aol.com

3  Stephen G. Montoya
   stephen@montoyalawgroup.com
4  april@montoyalawgroup.com

5  Donald M. Peters
   Kristin Mackin
6  Jeffrey T. Murray
7  Attorneys for Arizona Municipal
   Risk Retention Pool
8  dpeters@lasotapeters.com
   kmackin@lasotapeters.com
9  jtmurray@lawms.com

10
   D. Q. Mariette Do-Nguyen
11 Kingdom of Heaven
   D.Q_Mariette@wdcic.org
12

13 In addition a COURTESY COPY was mailed this day to:
   HONORABLE SUSAN R. BOLTON
14 United States District Court
   Sandra Day O'Connor U.S. Courthouse, Suite 522
15 401 West Washington Street
   SPC 50
16 Phoenix, Arizona 85003-2153

17

18 Notice will be sent by other means to those listed below if they are affected by this filing:

19 B. Eric Restuccia
   Office of the Attorney General
20 P.O. Box 30212
   Lansing, MI 48909
21

22 James F. Peterson
   Judicial Watch Inc.
23 425 3rd St SW
   Ste. 800
24 Washington, DC 20024

25

1. Mark Sands
2. Office of the Attorney General
   P.O. Box 30212
3. Lansing, MI 48909

4. Paul J. Orfanedes
   Judicial Watch Inc.
5. 425 3rd St SW
   Ste. 800
6. Washington, DC 20024

7.
   Ray Elbert Parker
8. P.O. Box 320636
   Alexandria, VA 22320
9.

10.

11.
    By    s/ Geoffrey S. Kercsmar
12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.