Tony West
Assistant Attorney General
Dennis K. Burke
United States Attorney
Arthur R. Goldberg
Assistant Director, Federal Programs Branch
Joshua Wilkenfeld (NY Bar #4440681)
Varu Chilakamarri (NY Bar #4324299)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 305-7920/Fax (202) 616-8470
joshua.i.wilkenfeld@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br><br>Plaintiff,<br><br>v.<br><br>The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity,<br><br>Defendants. | No. 2:10-cv-1413-PHX-SRB<br><br>**PLAINTIFF'S RESPONSE TO THE MOTION OF DAVID SALGADO AND CHICANOS POR LA CAUSA, INC. TO CONSOLIDATE** |

## INTRODUCTION

The United States respectfully submits this memorandum in opposition to the motion by David Salgado and Chicanos Por La Causa, Inc. to consolidate the instant action with *Salgado v. Brewer*, No. CV-10-0951-PHX-SRB (D. Ariz.).  Consolidation of the two cases is inappropriate because individualized issues present in the *Salgado* case but not the instant action would prejudice or delay the United States' lawsuit.

## ARGUMENT

The Federal Rules of Civil Procedure allow separate lawsuits to be consolidated where the "actions before the court involve a common question of law or fact."  Fed. R.

Civ. P. 42(a). Although a district court has "broad discretion" in evaluating a motion to consolidate (*Paxonet Communs., Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003)), this Court has explained that "[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *See Glass v. Intel Corp.*, 2007 U.S. Dist. LEXIS 57666, at *11 (D. Ariz. 2007). Similarly, "consolidation may be inappropriate if individual issues predominate" or if the issues in one case will "confus[e]" the adjudication of another case. *See Lewis v. City of Fresno*, 2009 U.S. Dist. LEXIS 57083, at *3-4 (E.D. Cal. 2009) (internal citations omitted). *See also Campbell v. PriceWaterhouseCoopers*, 2008 U.S. Dist. LEXIS 75756 (E.D. Cal. 2008) ("Factors to be weighed [in evaluating a motion to consolidate] include the risk of prejudice and confusion.").

Consolidation may also be rejected if one case presents an issue that need not be adjudicated in the other case. *See, e.g.*, *W. Watersheds Project v. United States Forest Serv.*, 2009 U.S. Dist. LEXIS 1359 (D. Idaho 2009) (rejecting consolidation because one of the cases involved a waiver issue that was not present in the other case, and because rejecting consolidation "keeps [the] case simple and avoids delay"). Thus, if the plaintiff in one case "rel[ies] on different legal theories to support their claims" than a plaintiff in the second case, consolidation may prove unduly prejudicial. *Behrend v. Klein*, 2006 U.S. Dist. LEXIS 68652 (E.D.N.Y. 2006).

This Court should reject the instant motion to consolidate because *Salgado v. Brewer* presents significantly different issues from the instant dispute. Defendants have moved to dismiss the *Salgado* claims for lack of standing – an issue that is not present in the United States' lawsuit against Arizona. Although the United States does not offer any opinion on the merits of the standing issue in *Salgado*, the dispute itself creates a sufficient distinction between the cases as to recommend against consolidation. *See, e.g.*, *W. Watersheds Project v. United States Forest Serv.*, 2009 U.S. Dist. LEXIS 1359 (D. Idaho 2009). Indeed, Plaintiffs have acknowledged that they hope to cure any potential defects as to standing in their own case by reference to other plaintiffs in other lawsuits.

2

*See* Transcript of Oral Argument, July 15, 2010, at 23-24, *Salgado v. Brewer*, No. CV-10-0951-PHX-SRB (D. Ariz.) ("If one plaintiff in any of these seven cases has standing, Your Honor, they all have standing. . . . [Plaintiffs] ask that you consider the issue of standing jointly.").

Additionally, although both disputes challenge the constitutionality of certain sections of S.B. 1070, the United States has challenged a larger portion of the statute than the *Salgado* plaintiffs – who have only challenged Sections 2, 3, and 6 of S.B. 1070 – and has sought to vindicate very different interests than those presented in *Salgado*. Whereas the United States has sought to prevent Arizona from interfering with its enforcement priorities, undermining foreign policy, and harassing lawfully present aliens, the *Salgado* preemption argument claims primarily that S.B. 1070 negates certain specific provisions of the INA. These different legal theories recommend against consolidation. *See Behrend v. Klein*, 2006 U.S. Dist. LEXIS 68652 (E.D.N.Y. 2006).

Consolidation will likewise delay the United States' litigation. The *Salgado* plaintiffs have asked for a preliminary injunction pending a "trial on the merits." *See* Transcript of Oral Argument, July 15, 2010, at 77, *Salgado v. Brewer*, No. CV-10-0951-PHX-SRB (D. Ariz.). Whereas the *Salgado* plaintiffs apparently plan to seek leave to conduct a trial, the United States' lawsuit presents purely legal questions which should be resolved without a trial. Consolidation with *Salgado* would thereby prejudicially delay the instant litigation. *See Glass v. Intel Corp.*, 2007 U.S. Dist. LEXIS 57666, at *11-12 (rejecting consolidation so as to avoid "unreasonable delay" in one of the actions).

Moreover, consolidation will not necessarily promote judicial efficiency. Although the *Salgado* plaintiffs conclusorily claim that consolidation would "avoid duplication of effort, reduce legal fees and costs, and simplify the adjudication of the underlying dispute" (Motion at 2), the *Salgado* plaintiffs have not in any way explained how such judicial economy will arise. The *Salgado* plaintiffs and the United States have already fully briefed their respective motions for a preliminary injunction and have participated in oral argument on the same. Future briefing is ill suited to consolidated

3

efforts because the United States has challenged different sections of the statute from the *Salgado* plaintiffs, has advanced different preemption arguments from the *Salgado* plaintiffs, and seeks to protect different interest from the *Salgado* plaintiffs.

"The moving party bears the burden of showing consolidation is appropriate." *See Lewis v. City of Fresno*, 2009 U.S. Dist. LEXIS 57083, at *4. The *Salgado* plaintiffs have failed to meet this burden, having failed to establish what efficiencies would result from consolidation (beyond those already achieved from having all the related cases before the same judge), and having failed to address the individual issues involved in *Salgado v. Brewer*. *See In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 1998) ("I conclude that the predominance of individual issues . . . prevent Plaintiffs from meeting their burden on this motion to consolidate under Rule 42."). This Court should therefore deny the motion to consolidate.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion to consolidate the instant action with *Salgado v. Brewer*, No. CV-10-0951-PHX-SRB (D. Ariz.).

DATED: July 27, 2010

                                        Respectfully Submitted,

                                        Tony West
                                        Assistant Attorney General

                                        Dennis K. Burke
                                        United States Attorney

                                        Arthur R. Goldberg
                                        Assistant Director, Federal Programs Branch

                                        */s/ Joshua Wilkenfeld*
                                        Joshua Wilkenfeld (NY Bar #4440681)
                                        Varu Chilakamarri (NY Bar #4324299)
                                        U.S. Department of Justice, Civil Division
                                        20 Massachusetts Avenue, N.W.
                                        Washington, DC  20530
                                        Tel. (202) 305-7920/Fax (202) 616-8470
                                        joshua.i.wilkenfeld@usdoj.gov
                                        *Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

                                                /s/ *Joshua Wilkenfeld*
                                                Joshua Wilkenfeld