Geoffrey S. Kercsmar (#20528)
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, AZ  85250
Tel:  (480) 421-1001
gsk@kflawaz.com
gbc@kflawaz.com

Paul J. Orfanedes
(Motion for admission *pro hac vice* to be filed)
James F. Peterson
(Motion for admission *pro hac vice* to be filed)
Michael Bekesha
(Motion for admission *pro hac vice* to be filed)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel:  (202) 646-5172

*Attorneys for Proposed Intervenor/Defendant Russell Pearce*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The United States of America, | Case No.: 2:10-cv-01413-SRB |
| Plaintiff, | |
| v. | **LODGED: MOTION TO DISMISS** |
| The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, | |
| Defendants. | |

Geoffrey S. Kercsmar (#20528)
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, AZ  85250
Tel:  (480) 421-1001
gsk@kflawaz.com
gbc@kflawaz.com

Paul J. Orfanedes
(Motion for admission *pro hac vice* to be filed)
James F. Peterson
(Motion for admission *pro hac vice* to be filed)
Michael Bekesha
(Motion for admission *pro hac vice* to be filed)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel:  (202) 646-5172

*Attorneys for Proposed Intervenor/Defendant Russell Pearce*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The United States of America, | Case No.: 2:10-cv-01413-SRB |
| Plaintiff, | |
| v. | **[PROPOSED] MOTION TO DISMISS** |
| The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, | |
| Defendants. | |

State Senator Russell Pearce, by counsel, moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which

- 1 -

relief may be granted.[1]  Senator Pearce incorporates by reference (1) the arguments set forth in his Amended Proposed Memorandum in Response to Plaintiff's Motion for Preliminary Injunction, which was lodged with this Court on July 20, 2010; and (2) the arguments in the Motion to Dismiss of Defendants State of Arizona and Governor Janice K. Brewer.  Dkt. Entry Nos. 61, 81.  As further grounds in support of this motion, Senator Pearce states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Background**

On April 23, 2010, Defendant Janice K. Brewer, Governor of the State of Arizona, signed Senate Bill 1070 into law.  On April 30, 2010, Governor Brewer signed House Bill 2162, which amended various provisions of Senate Bill 1070.  SB 1070 is scheduled to take effect on July 29, 2010.

Plaintiff, the United States of America, filed its Complaint on July 6, 2010 asserting that Sections 1-6 of SB 1070 violate the Supremacy Clause of the United States Constitution, are preempted by federal law, and violate the Commerce Clause of the United States Constitution.  Sections 1, 4, and 6 of SB 1070 remain the same.  Sections 2, 3, and 5 were amended by HB 2162.  SB 1070 Section 2 is now HB 2162 Section 3, SB 1070 Section 3 is now HB 2162 Section 4, and SB 1070 Section 5 is now HB 2162 Section 5.

---

[1] In his Motion to Intervene, Senator Pearce pledged to submit a pleading as contemplated under F.R.C.P. 24(c) at the appropriate time.  Now that the proper time for a responsive pleading has arrived, this filing satisfies such requirement.

## II.  Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Mkt. Trading v. AT&T Mobility, LLC*, 2010 U.S. App. LEXIS 14905, *5 (9th Cir. July 20, 2010) (*citing Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citation omitted)). "Threadbare recitals of the elements of a cause of action," such as those in Plaintiff's complaint, "supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  Plaintiff has failed to state a claim under which Sections 1-6 are preempted by federal law.

## III.  Argument

### A.  Facial challenges are the most difficult challenges to mount.

Plaintiff brings a facial challenge, which is generally disfavored by the courts because such challenges only rest on speculation, run contrary to the fundamental principal of judicial restraint, and threaten to "short circuit" the democratic process. *Washington State Grange v, Washington State Republican Party*, 552 U.S. 442, 449 (2008).  Significantly, a facial challenge has been described as "the most difficult challenge to mount successfully." *U.S. v. Salerno*, 481 U.S. 739, 745 (1987).

The Supreme Court's disfavor toward facial challenges and its rationale for the heavy burden placed on persons advancing such challenges is manifest.  When a legislative enactment is facially attacked, a court is at a disadvantage because it does not know how the law will be applied or construed by an enforcing authority.  The law might be applied or construed in such a way as to avoid any constitutional issues.  As the

Supreme Court has stated, "It is neither our obligation nor within our traditional institutional role to resolve questions of constitutionality with respect to each potential situation that might develop." *Gonzalez v. Carhart*, 550 U.S. 124, 168 (2007).  Instead of playing a game of hypotheticals, as Plaintiff too often does in its Complaint, courts prefer to wait until the law is construed "in the context of actual disputes." *Washington State Grange*, 552 U.S. at 450.  A court "must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Salerno*, 481 U.S. at 745.  "Exercising judicial restraint in a facial challenge frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in areas where their constitutional application might be cloudy." *Id.*

Because of this strong disfavor toward facial challenges, courts "impose[] a 'heavy burden' on the plaintiffs." *Id.* ("the fact that [a statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid."). A court cannot find a statute to be facially unconstitutional unless every reasonable interpretation of the statute would be unconstitutional. *Id.; see also City Council v. Taxpayers for Vincent*, 466 U.S. 789, 796-97 (1984).  Conversely, to defeat a facial challenge under the Supremacy Clause, a party need "merely to identify a possible application" of the state law not in conflict with federal law. *Baltimore and Ohio Railroad Co. v. Oberly*, 837 F.2d 108, 116 (3d Cir. 1988) (quoting *California Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 593 (1987)).  In other words, unlike an "as

applied" challenge, in which the plaintiff applies specific facts to the challenged statute, a facial challenge must show that "no set of circumstances exists under which the [statute] would be valid." *Washington State Grange*, 552 U.S. at 449. In other words, the law must be unconstitutional under any set of facts or in all of its applications. *Id.*

By filing the Complaint prior to SB 1070's effective date, Plaintiff asks this Court to do precisely what the Supreme Court has warned against— to make a premature interpretation and an unnecessary pronouncement on the constitutionality of SB 1070. Plaintiff has not and cannot prove that all applications of SB 1070 would cause all provisions of Sections 1-6 to be unconstitutional. For this reason alone, Plaintiff has failed to state a claim upon which relief may be granted.

**B.     SB 1070 is not preempted by Federal Law.**

Plaintiff argues that SB 1070 is preempted because it is an unlawful attempt to set immigration policy at the state level and conflicts with federal law. While the framework for preemption analysis is not always precise, *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000), Plaintiff nonetheless fails to establish preemption under any plausible framework. On the contrary, SB 1070 falls within the well-recognized authority of the states, does not regulate immigration, and is in no way an obstacle to the enforcement of federal immigration law.

**i.     SB 1070 falls within the well-recognized authority of a state.**

The law of this Circuit is clear. The Ninth Circuit has squarely held that nothing in federal law precludes a city from enforcing the criminal provisions of immigration law.

*Gonzalez*, 722 F.2d at 476. Similarly, the Supreme Court has held that "the States do have some authority to act with respect to illegal aliens, at least where such action mirrors federal objectives and furthers a legitimate state goal." *Plyler* v. *Doe*, 457 U.S. 202, 225 (1982) (*citing De Canas* v. *Bica*, 424 U.S. 351 (1975)). SB 1070 simply codifies already existing enforcement provisions of federal law. SB 1070 mirrors Congress' objectives and furthers the legitimate goals set forth by Congress.

### ii. SB 1070 does not regulate immigration.

Although the federal government has the power to regulate immigration, the mere fact that "aliens are the subject of a state statute does not render it a regulation of immigration." *De Canas*, 424 U.S. at 352-53. Regulation of immigration is "a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain." *Id.* at 355; *Toll* v. *Moreno*, 458 U.S. 1, 10 (1982) ("The authority to 'control immigration' is the power to 'admit or exclude aliens.'"). SB 1070 plainly does not impose new restrictions on the manner in which an alien enters the country. Nor does it create any new requirements for such individuals to remain in the country. It certainly does not impose new conditions under which a legal entrant may remain in the country. SB 1070 simply codifies already existing enforcement provisions of federal law.

### iii. SB 1070 is not an obstacle to the enforcement of federal immigration law.

SB 1070 does not conflict with or stand "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *U.S. v. Locke*, 529 U.S. 89,

109 (2000). SB 1070, in fact, "mandates compliance with the federal immigration laws" and therefore cannot "stand[] as an obstacle to [the] accomplishment and execution of congressional objectives." *In re Jose C.*, 198 P.3d 1087, 1100 (2009). As shown below, applying specific facts to SB 1070 demonstrates that the statute does "not impair federal regulatory interests" and therefore "concurrent enforcement activity is authorized." *Gonzales*, 722 F.2d at 474.

**IV.    Conclusion**

For the foregoing reasons, Senator Pearce respectfully requests that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

| | |
|---|---|
| Dated: July 27, 2010 | Respectfully Submitted, |
| | KERCSMAR & FELTUS PLLC |
| | By: /s/ Geoffrey S. Kercsmar |
| | Geoffrey S. Kercsmar (#20528) |
| | Gregory B. Collins (#023158) |
| | 6263 N. Scottsdale Road, Suite 320 |
| | Scottsdale, AZ  85250 |
| | Tel:  (480) 421-1001 |
| | |
| | Paul J. Orfanedes |
| | (Motion for admission *pro hac vice* to be filed) |
| | James F. Peterson |
| | (Motion for admission *pro hac vice* to be filed) |
| | Michael Bekesha |
| | (Motion for admission *pro hac vice* to be filed) |
| | JUDICIAL WATCH, INC. |
| | 425 Third Street, S.W., Suite 800 |
| | Washington, DC  20024 |
| | Tel:  (202) 646-5172 |
| | |
| | *Attorneys for Proposed Intervenor/Defendant Russell Pearce* |

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2010, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Plaintiff United States of America
Represented by Joshua Wilkenfeld
joshua.i.wilkenfeld@usdoj.gov

Edwin S. Kneedler
Edwin.S.Kneedler@usdoj.gov

Varu Chilakamarri
varudhini.chilakamarri@usdoj.gov

Defendant State of Arizona and Janice K. Brewer, Governor of the State of Arizona
Represented by John J. Bouma
jbouma@swlaw.com

Joseph G. Adams
jgadams@swlaw.com

Joseph Andrew Kanefield
jkanefield@az.gov

Robert Arthur Henry
bhenry@swlaw.com

Amicus Center on the Administration of Criminal Law
Represented by Anne Milgram
anne.milgram@nyu.edu

Anthony S. Barkow
anthony.barkow@nyu.edu

Ellen London
elondon@fklaw.com

Jessica Alexandra Murzyn
jmurzyn@fklaw.com

Ricardo Solano, Jr.
rsolano@kflaw.com

Timothy J. Casey
SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Special Assistant Attorney General for Michigan
For *Amici Curiae* Michigan, Florida, Alabama,
Nebraska, Northern Mariana Islands, Pennsylvania,
South Carolina, South Dakota, Texas and Virginia
timcasey@azbarristers.com

Carolyn B. Lamm *(pro hac vice)*
Stephen N. Zack *(pro hac vice)*
Sara Elizabeth Dill *(pro hac vice)*
Andrew Silverman *(pro hac vice)*
American Bar Association
clamm@whitecase.com
szack@bsfllp.com
sdill@pkjlaw.com

Joseph M. Livermore
University of Arizona
James E. Rogers
College of Law
silverman@law.arizona.edu

Barnaby W. Zall
American Unity Legal Defense Fund, Inc.
bzall@aol.com

Stephen G. Montoya
stephen@montoyalawgroup.com
april@montoyalawgroup.com

- 10 -

Donald M. Peters
Kristin Mackin
Jeffrey T. Murray
Attorneys for Arizona Municipal
Risk Retention Pool
dpeters@lasotapeters.com
kmackin@lasotapeters.com
jtmurray@lawms.com

D. Q. Mariette Do-Nguyen
Kingdom of Heaven
D.Q_Mariette@wdcic.org

In addition a COURTESY COPY was mailed this day to:
HONORABLE SUSAN R. BOLTON
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street
SPC 50
Phoenix, Arizona 85003-2153

Notice will be sent by other means to those listed below if they are affected by this filing:
B. Eric Restuccia
Office of the Attorney General
P.O. Box 30212
Lansing, MI 48909

Mark Sands
Office of the Attorney General
P.O. Box 30212
Lansing, MI 48909

Ray Elbert Parker
P.O. Box 320636
Alexandria, VA 22320


By     *s/ Geoffrey S. Kercsmar*

- 11 -