Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 223
Knoxville, TN 37923
(865) 809-1505
van@libertylegalfoundation.com
Attorney for Intervention Applicant Richard Mack

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

                                    CASE NO: CV 10-1413-PHX-SRB

    v.

State of Arizona; and Janice K. Brewer,
Governor of the State of Arizona, in her
Official Capacity,

    Defendants

**THIRD PARTY MOTION AND MEMORANDUM IN SUPPORT OF
MOTION TO INTERVENE**

      Pursuant to federal rules of civil procedure 7 and 24 Richard Mack, a citizen of Arizona, moves this Court for an order granting him the right to intervene. Grounds for this motion, as more fully set forth below, are that Applicant asserts an interest relating to the transaction which is the subject of the main action and the

applicant is so situated that the disposition of the action may as a practical matter impair or impede the Applicant's ability to protect that interest, and the Applicant's interest is not being adequately represented by existing parties. Alternatively, Applicant asserts a claim raising questions of law and fact in common with the main action, and Applicant's claim will increase the efficiency of adjudication of the main action. Applicant's proposed third-party complaint accompanies this motion.

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

### I.     Interests Not Adequately Represented in *United States v. Arizona*

The case currently before this Court has created a doctrine where federal administrative agencies can set priorities that directly violate federal law, and then cite their own refusal to follow the law in order to support their arguments that states are preempted from enforcing the same federal law.  In essence, this Court has authorized an administrative agency to completely negate an act of Congress, and prevent any state from entering that field on the legislative or enforcement level. It has also created precedent under which a sitting President may negate laws passed by Congress and signed by earlier Presidents simply by claiming that such laws prevent him from implementing his own priorities. This Court has effectively created a dictatorship.

### A. The Supremacy Clause is Conditional, and Requires Actual Enforcement of Federal Law

On July 28th this Court granted the United States motion for preliminary injunction prohibiting the State of Arizona from enforcing established federal immigration law. *See* Or. Granting Pl.'s Mot. Prelim. Inj, Docket #87 (July 28, 2010). This Court concluded that significant portions of Arizona's "Support Our Law Enforcement and Safe Neighborhoods Act" were preempted by existing federal Law. *Id* at 4. However, preemption doctrine presumes that the existing federal law is actually being enforced.

Preemption doctrine, and common sense, support the conclusion that where existing federal law is *not* being enforced by federal agents, states should not be prevented from enforcing such law. This is particularly true regarding immigration law because the right to define who is a citizen, and to control immigration, is absolutely essential to maintaining sovereignty of any governmental entity.

While it is true that the several states delegated to the federal government their authority to establish and maintain a uniform set of immigration law, that delegation of authority was clearly and necessarily conditioned upon federal enforcement of such laws. *See* U.S. Const. Art. I § 8 & Amd. X. Where the federal

government refuses to enforce its own laws, the states regain their right to legislate and enforce in the abandoned area.[1]

This conclusion is supported by basic concepts of preemption doctrine. The first element of preemption analysis is that Congress has passed legislation regarding particular subject matter. Where Congress has not acted, states are free to enter the field as they deem necessary for the protection of their citizens. It stands to reason that where Congress has acted, but the federal government refuses or is unable to enforce federal law, states retain their right to enter the unoccupied field. In other words legislation alone without enforcement does not fulfill the first element of preemption analysis, which is federal occupation of the field.

It cannot be reasonably argued that the several states intended to delegate their authority to the federal government without reserving the right to protect their sovereignty from foreign invasion should the federal government fail to enforce immigration laws. No sovereign entity can survive in the absence of the authority to define its citizens and control its borders. Therefore, no state would delegate authority to control its own borders without retaining the right to reassert its own authority if the federal government failed to do its job.

---

[1] Even if federal abandonment of its enforcement duties does not support the states' right to reenter a field legislatively, it cannot be logically argued that the states should be prevented from enforcing federal law.

This Court's order ignores the conditional nature of preemption. Its order transforms preemption into a doctrine that allows the federal government to legislate on a topic, refuse to enforce its law, and then prevent the state from legislating on the topic or enforcing the federal law. This destroys state sovereignty and therefore violates the clear meaning of the Constitution.

### B. This Court Founded its Preemption Conclusion on a Federal Administrative Agency's Refusal to Follow Existing Law

As argued by the United States, and pursuant to 8 U.S.C. §1373(c), the Department of Homeland Security (DHS) is *required* to "respond to an inquiry by a federal, state, or local government agency, seeking to verify or ascertain the citizenship or immigration status…for any purpose authorized by law, by providing the requested verification or status information." Or. Granting Pl.'s Mot. Prelim. Inj. at 17. This Court concluded that requiring Arizona law enforcement agencies to make such requests would "divert resources from the federal government's other responsibilities and priorities." *Id.*

However, when Congress enacted 8 U.S.C. §1373(c) it "required" DHS to respond to these requests. The language of 8 U.S.C. §1373(c) is mandatory, not permissive.[2] Regardless of Congress' motives in passing 8 U.S.C. §1373(c),

---

[2] It can be reasonably presumed that Congress *required* DHS to provide immigration status information to local law enforcement because Congress determined that providing such information is critically important to effective enforcement of immigration law, and that providing such information should, therefore, be a top priority.

neither DHS nor ICE nor any other administrative agency of the federal government, nor the President himself, has the authority to determine that "other responsibilities" have higher priority. Only Congress may make that determination. This Court essentially set aside a law passed by Congress and signed by a past President, in favor of the policy decisions of a federal administrator.

### C. This Court's Ruling Violates the Federal Law that it Claims Preempts the Arizona Law

The same section of law cited by this Court in support of its order prohibiting Arizona from enforcing federal law actually prohibits the federal government from making the argument that the Court based its ruling upon. The same section quoted by this Court also states:

> "Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual…no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual: (1) …requesting or receiving such information from, the Immigration and Naturalization Service" 8 U.S.C. §1373(a) & (b).

In other words, no one at any level of government may change the priority established by Congress regarding availability of immigration status information. Yet this Court founded its order restricting Arizona from requesting exactly this

information on the next subsection of the same law. The next subsection simply prohibits the INS from refusing to respond to such requests.

In other words, the law upon which the federal government founded its preemption argument specifically prohibits the federal government from doing exactly what it was asking the Court to allow it to do. And the Court agreed.[3]

### D. This Court's Action Destroys the Separation of Powers

Taken in the abstract it would make no sense that a federal agency is trying to ignore a law passed by Congress, or that a President is trying to preempt a law signed by the President. All of the preceding must be understood in light of the conflicting motivations between the branches of government and between prior Presidential administrations and the current administration. What is actually happening in *United States v. Arizona* is that the current Presidential administration doesn't like the immigration laws as passed by earlier sessions of Congress and signed by prior Presidents. So, the administrative departments within the Executive branch are attempting to negate those sections of the law that they don't want to follow.

While a large degree of autonomy is granted to administrative agencies simply by virtue of their daily operational decisions, they do not have the authority

---

[3] Irony is defined as the use of words to express the opposite of the literal meaning. See *Webster's Ninth New Collegiate Dictionary* 639 (Merriam –Webster 1986). Since irony is also the heart of humor (see *id.*) this Court's ruling would be hilarious if it was intended to be a parody. Instead it destroys the foundations of our Federalist system of government.

to completely ignore Congressional mandates. They certainly don't have the authority to negate such mandates by arguing that if they're forced to follow Congress' mandates it would "redirect federal agencies away from the priorities they have established," as concluded by this Court.

The Legislative branch creates law. The Executive branch enforces law. While the President has broad discretion in how the law is enforced, this discretion ends where Congress has explicitly stated that certain specific activities *shall* be performed. But, in *United States v. Arizona* we have an Executive branch explicitly refusing to follow a Congressional mandate, and a court that has bootstrapped that refusal into an order prohibiting a state from stepping into the void left by executive abuse of authority.

This Court's order has created precedent under which a sitting President, through his administrative departments, may negate acts of Congress and may negate laws signed by prior Presidents, simply by claiming that to follow such laws would prevent the agencies from setting their *own* priorities. This Court has created a dictatorship.

## II.   Applicant's Interest in *United States v. Arizona*

### A. All Americans are Injured by Failure to Enforce Established Law

For over 200 years America has enjoyed prosperity previously unprecedented in human history. We have enjoyed this prosperity because we're a nation founded upon the rule of law. In America no individual is above the law, at least in theory. This is particularly true of our government. History has proven beyond any reasonable doubt that when government ignores its own laws, the people suffer. [4] Should the basic form of our government fail to be followed, as is alleged in Applicants proposed third-party complaint, all Americans will suffer immediate and significant damage to their standard of living and, more importantly, will lose their God-given rights as protected by the Constitution.

### B. Applicant as Representative Party

The Applicant, Richard Mack, is a former Sheriff for Graham County, Arizona, and was one of the parties that successfully challenged aspects of the Brady Bill which attempted to compel state law enforcement officers to act at the direction of the federal government. *Printz/Mack v. United States*, 521 U.S. 898 (1997). The

---

[4] Another irony displayed by this case is the fact that millions of people flood across our southern border to flee from the poverty caused by governments that are notorious for their internal corruption. Such corrupt governments represent the opposite of the rule of law. Yet America is becoming more like them rather than the other way around. If our courts allow the other branches of government to ignore the law based upon misguided, poorly reasoned, and historically unsupported notions of "prudential concerns," then unchecked power will complete its corruption of our government. If that happens America will become Mexico, leaving no "America" to flee to.

Applicant is an author and lecturer on the subjects of State Sovereignty, the 10th Amendment, and the proper role of law enforcement in American government.

Considering the Applicant's extensive knowledge on the topics of Federalism and State Sovereignty, coupled with the Applicant's years of experience in law enforcement within the State of Arizona, the Applicant is well qualified to adequately represent the interests of Arizonians not currently being represented in the present case.

### III.   RELIEF SOUGHT

The Applicant requests an order allowing Applicant to intervene in the above-named matter and allowing Applicant to file the attached proposed Third-Party Complaint.

Respectfully submitted,

Dated: 9/16/10            _s/Van Irion_____
                          Van Irion
                          Liberty Legal Foundation
                          9040 Executive Park Drive, Ste. 223
                          Knoxville, TN 37923
                          Attorney for Richard Mack
                          (865) 809-1505

## CERTIFICATE OF SERVICE

It is hereby certified that on September 16, 2010, a copy of "Third Party Motion and Memorandum in Support of Motion to Intervene" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      _s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 223
Attorney for Richard Mack
(865) 809-1505