IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CV 10-1413-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. |  |
| The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, |  |
| Defendants. |  |

Pending before the Court is the Motion of the Arizona State Legislature for Intervention as Defendant ("Mot.") (Doc. 142).

**I.  BACKGROUND**

This case concerns the constitutionality of Arizona's Senate Bill 1070, as modified by House Bill 2162 (collectively, "S.B. 1070"), which had an effective date of July 29, 2010. Plaintiff moved for, and the Court granted in part, a preliminary injunction in July 2010. (*See* Docs. 27, 87.) On February 7, 2011, Arizona Governor Janice K. Brewer signed into law Senate Bill 1117 ("S.B. 1117"), which provides that "the Speaker of the House of Representatives and the President of the Senate may direct counsel to initiate a legal proceeding or appear on behalf of their respective chambers or on behalf of the Legislature in any challenge in a state or federal court" to S.B. 1070. (Mot. at 2 & Ex. 1.) The Legislature now seeks permission of the Court to intervene as a Defendant in this action. (*Id.* at 1.) The

1   Court heard oral argument on the Legislature's motion on April 1, 2011. (Doc. 147.)

## II. LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 24(b) governs permissive intervention. An applicant seeking to intervene under Rule 24(b) must demonstrate three things: "'(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002)). Where those three elements are satisfied, the district court has broad discretion in deciding whether to grant or deny permissive intervention. *Perry v. Schwarzenegger*, 630 F.3d 898, 905-06 (9th Cir. 2011) (citing *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002)). In exercising its discretion, a court must consider whether intervention will unduly delay or prejudice the original parties. *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1998); *see also* Fed. R. Civ. P. 24(b)(3). Courts also consider

> "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."

*Perry*, 630 F.3d at 905 (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

The parties do not dispute that, under Rule 24(b), there is an independent ground for jurisdiction over the Legislature's claims or defenses, that the Legislature's motion is timely, and that the Legislature's claims or defenses and the main action have a question of law or a question of fact in common. (*See* Doc. 144, Pl.'s Resp. to the Mot. of the Ariz. State Leg. for Intervention as Def. at 3-6). Moreover, considering the current procedural posture of the case, permitting the Legislature to intervene at this time will not unduly delay or prejudice the original parties. Rule 24(b) thus allows the Legislature's intervention in this action. Using

the factors set forth in *Perry* as a guide and considering the passage of S.B. 1117, the Court in its discretion finds that the Legislature should be permitted to intervene as Defendant at this time.

**IT IS ORDERED** granting the Motion of the Arizona State Legislature for Intervention as Defendant (Doc. 142).

DATED this 5th day of April, 2011.

_____
Susan R. Bolton
United States District Judge