JOHN J. JAKUBCZYK (AZ SBN 005894)
4643 E. Thomas Rd. Suite # 5
Phoenix, AZ  85018
Tel:  602-468-0030

NATHANIEL J. OLESON (CA SBN 276695)
UNITED STATES JUSTICE FOUNDATION
932 "D" Street, Suite 3
Ramona, California 92065
Tel: (760) 788-6624
Fax: (760) 788-6414

Attorneys for *Amicus*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br>Plaintiff,<br>v.<br>The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity,<br>Defendants.<br><br>The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity,<br>Counterclaimants,<br>v.<br>The United States of America; the United States Department of Homeland Security; Janet Napolitano, Secretary of the United States Department of Homeland Security, in her official capacity; the United States Department of Justice; and Eric H. Holder, Jr., Attorney General for the United States Department of Justice, in his official capacity,<br>Counter-defendants. | No. 2:10-cv-01413-SRB<br><br>**RENEWED MOTION BY MINUTEMAN CIVIL DEFENSE CORPS, A PROJECT OF DECLARATION ALLIANCE FOR LEAVE TO FILE AMICUS BRIEF OF MINUTEMAN CIVIL DEFENSE CORPS, A PROJECT OF DECLARATION ALLIANCE, IN SUPPORT OF COUNTERCLAIMANTS' OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS** |

1

*Amicus curiae*, Minuteman Civil Defence Corps, a Project of Declaration Alliance, respectfully renews its motion for leave of Court to file the accompanying brief. Counsel for Counterclaimant has consented to the filing of this brief; counsel for Counter-Defendant has not consented to the filing of this brief.

**STATEMENT OF INTEREST**

Minuteman Civil Defence Corps, a Project of Declaration Alliance, has long-standing civic interest on the issues of this brief. The Project, since 2005, has had an active and energetic advocacy interest in Federal government enforcement of immigration and border security law, particularly along the Arizona frontier with Mexico. The Federal government's failure to protect the sovereignty, safety, security, and prosperity of the citizens of the United States of America, and its aggressive actions attempting to prohibit the several States, including Arizona, from providing such enforcement to protect the public welfare of their citizenry in the face of Federal dereliction, compel our interest in this brief.

**ARGUMENT**

Federal courts have the discretion to allow the filing of *amicus* briefs, as well as to allow oral argument by *amici*, at the trial court level. "Federal courts have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court." <u>Strougo v. Scudder, Stevens & Clark, Inc., 1997 WL 473566</u> (S.D.N.Y. Aug. 18, 1997) (*citing* <u>Vulcan Society of New York City Fire Dep't, Inc. v. Civil Service Comm'n, 490 F.2d 387, 391</u> (2d Cir. 1973)). *See also* <u>Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership III v. Rockefeller Center Properties, Inc., 1996 WL 120672</u> (S.D.N.Y. March 19, 1996) (granting amicus leave to appear and argue, citing cases "uniform in support of a district court's broad discretion to permit or deny amici appearances"); <u>United States v. Gotti, 755 F.Supp. 1157, 1158</u> (E.D.N.Y 1991) (amici can "provide supplementary assistance to existing counsel and insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

Federal courts accept briefs filed by *amici* in many cases. One example is the 2010 case

2

1  *Commonwealth of Virginia, Ex Rel. Kenneth T. Cuccinelli, II v. Sebelius,* case number 3:10-cv-00188,

2  where the United States District Court for the Eastern District of Virginia accepted amicus briefs from

3  over thirty *amici*. In addition, the United States Justice Foundation has filed *amicus curiae* briefs in

4  several Federal district courts, most recently in the United States District Court for the Northeastern

5  District of Georgia, Atlanta Division, in the case of *Georgia Latino Alliance v. Nathan Deal*, case number

6  1:11-CV-1804; and in United States District Court for the Western District of North Carolina, Statesville

7  Division, in the case of *United States of America v. Bernard Von Nothaus*, case number 5:09CR27-V.

8  Previously the United States Justice Foundation had filed an *amicus* brief in the 1995 Federal District

9  Court case, *LULAC v. Wilson*, 908 F. Supp. 755, 768 (C.D. Cal. 1995).

10  Because this is an issue that is currently unsettled as related lawsuits throughout the country are

11  ongoing in this regard, it is particularly appropriate for the Court to hear from organizations that have an

12  interest in enforcement of immigration law. With the involvement in the matter by all government

13  agencies responsible for immigration enforcement, it is further clear that no party will be prejudiced by

14  this submission.

**CONCLUSION**

16  For these reasons, amicus curiae respectfully resubmits its request that the Court grant leave to

17  file this brief.

18  July 5, 2011.

19  Respectfully Submitted,

20  JOHN J. JAKUBCZYK

21  NATHANIEL J. OLESON
    UNITED STATES JUSTICE FOUNDATION

22  Counsel for Amicus

**BRIEF OF AMICUS CURIAE**

**IN SUPPORT OF COUNTERCLAIMANT'S OPPOSITION TO COUNTER-DEFENDANTS'**

**MOTION TO DISMISS[1]**

**LEGAL DISCUSSION**

Counter-defendants initially filed suit against Counterclaimants on the grounds that any state legislation passed concerning illegal immigrants is preempted by Federal law. Contrary to Counter-Defendants' claim, the Federal government acts in a manner that is inconsistent with this claim, given that the Federal agencies responsible for enforcement of immigration law frequently train local law enforcement on how to enforce federal immigration law. However, when Counterclaimants filed the underlying counterclaim, Counter-Defendants filed a motion to dismiss, arguing that the Federal agencies which have the duty of enforcing Federal immigration law have full discretion to determine what to enforce, and that neither Counterclaimants, nor the court, may compel Counter-Defendants to take any particular action, or to enforce any particular law. Counter-Defendants cannot simultaneously hold both positions. If the court were to accept both of Counter-Defendants' arguments, then Counterclaimants will be left with no reasonable options in defending the health, safety, and welfare of the citizens of the State of Arizona. If the duty to enforce any law even remotely connected to immigration is exclusively the jurisdiction of the Federal government, as Counter-Defendants suggest in their action against Arizona, then Arizona should be permitted to bring an action to compel the appropriate Federal agencies to enforce the immigration laws, if the Federal agencies fail to do so, because the State must rely on the Federal government to enforce that area of law.

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than amicus curiae, its members, or its counsel made a monetary contribution to its preparation or submission.

4

The general rule with regard to the preemption doctrine is that no act of Congress is presumed to preempt State law unless Congress has made such an intention "clear and manifest:"

> " "[B]ecause the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic*, 518 U.S., at 485, 135 L. Ed. 2d 700, 116 S. Ct. 2240. In areas of traditional state regulation, we assume that a federal statute has not supplanted state law unless Congress has made such an intention "'clear and manifest.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 131 L. Ed. 2d 695, 115 S. Ct. 1671 (1995) (*quoting Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 91 L. Ed. 1447, 67 S. Ct. 1146 (1947)); *see also Medtronic*, 518 U.S., at 485, 135 L. Ed. 2d 700, 116 S. Ct. 2240. "
>
> *Bates v. Dow Agrosciences L.L.C.*, 544 U.S. 431 (2005).

Counter-Defendants have alleged, with regard to enforcement of immigration laws, that Congress has intended for Federal immigration laws to preempt State laws and that any attempt by Arizona, or any other State, to find a means to deal with the growing and continuing problem of illegal immigration would be interference with the Federal government's plan of enforcement.  However, as Counterclaimants have demonstrated in their Answer and Counterclaim, the Federal agencies responsible for enforcement of Federal immigration laws have neglected to so enforce the law in Arizona, which has caused the State of Arizona to attempt to control the after effects of this non-enforcement of immigration laws at great expense to the State.

Counter-Defendants cannot simultaneously claim that Federal law both preempts all State laws concerning enforcement of immigration violations and grants the Federal government the discretion to determine whether to enforce these same laws at all because such a result would, in effect, deprive the State of Arizona from exercising its police powers on behalf of its citizens.  Congress has limited powers granted to it by the United States Constitution, and may only legislate into specific areas of law. (Government can claim no powers which are not granted to it by Constitution, and powers actually

granted must be such as are expressly given, or given by necessary implication. *Martin v Hunter's Lessee* (1816) 14 US 304, 1 Wheat 304, 4 L Ed 97.)  If this court were to accept Counter-Defendants' claim that all immigration law enforcement is reserved to the Federal government, then the court should also find that the State of Arizona is entitled to reimbursement for expenses incurred due to the State being precluded from taking action on behalf of its citizens.

## CONCLUSION

For these reasons, *Amicus* respectfully requests that the Court grant leave to file this brief in support of Counterclaimants.

Respectfully Submitted,

JOHN J. JAKUBCZYK

NATHANIEL J. OLESON
UNITED STATES JUSTICE FOUNDATION

Counsel for Amicus

RENEWED MOTION TO FILE AMICUS IN SUPPORT OF COUNTERCLAIMANTS' OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS