STUART F. DELERY
Assistant Attorney General
JOHN S. LEONARDO
United States Attorney
ARTHUR R. GOLDBERG
Assistant Director
W. SCOTT SIMPSON (Va. Bar #27487)
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C.  20044
Telephone:   (202) 514-3495
Facsimile:    (202) 616-8470
E-mail:         scott.simpson@usdoj.gov
COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The United States of America,<br><br>              Plaintiff,<br><br>    v.<br><br>The State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity,<br><br>              Defendants. | No. 2:10-cv-1413-SRB<br><br>**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, plaintiff United States of America moves for judgment on the pleadings as to Arizona Revised Statutes ("A.R.S.") § 13-2319 and Section 4 of S.B. 1070.

## INTRODUCTION

The United States moves for judgment regarding the one claim remaining in this action – that is, its challenge to Section 4 of S.B. 1070 and A.R.S. § 13-2319, which prohibits "smuggling of human beings for profit or commercial purpose." Defendants have informed the United States, through counsel, that they do not believe this action properly presents a challenge to A.R.S. § 13-2319 (as opposed to Section 4, which amended A.R.S. § 13-2319 in one minor respect). This Court has already held, however, that the United States' complaint states a claim against "the entirety of A.R.S. § 13-2319" (Doc. 133 at 15 n.4). That, therefore, is the "law of this case."

As for the merits of this claim, the Court of Appeals recently held that federal law preempts A.R.S. § 13-2929, which criminalizes certain conduct in relation to "transporting" aliens. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013). In light of that holding, A.R.S. § 13-2319, which is essentially the "transporting" offense with an additional "profit or commercial purpose" element, is necessarily also preempted.

## PROCEDURAL HISTORY

Plaintiff, the United States of America, filed this action against the State of Arizona and its Governor to challenge several state statutes regarding the entry and presence of aliens in the United States. Most of those statutes had recently been enacted by S.B. 1070, Section 4 of which amended pre-existing A.R.S. § 13-2319.[1] Pursuant to § 13-2319, "[i]t is unlawful for a person to intentionally engage in the smuggling of human beings for profit or commercial purpose." A.R.S. § 13-2319(A). Plaintiff's complaint, under the

---

[1] The only change that Section 4 made to A.R.S. § 13-2319 (besides the subsection designations) was to add the following as new subsection E: "Notwithstanding any other law, in the enforcement of this section a peace officer may lawfully stop any person who is operating a motor vehicle if the officer has reasonable suspicion to believe the person is in violation of any civil traffic law."

heading "**Section 4 of S.B. 1070/Ariz. Rev. Stat. 13-2319**," alleged that "Arizona's alien smuggling prohibition is preempted by federal law" (Doc. 1 ¶ 51). The complaint quoted the statute's definition of "smuggling," which pre-dated S.B. 1070 (Doc. 1 ¶ 50).

The United States sought a preliminary injunction against the implementation of certain sections of S.B. 1070. At oral argument, however, counsel for the United States noted that the motion did not encompass A.R.S. § 13-2319. *See* Reporter's Transcript of Proceedings, Prelim. Inj. Hr'g, at 5:13-15 (July 22, 2010) (Doc. 84). This Court granted the motion for preliminary injunction as to certain sections of S.B. 1070; the Court of Appeals affirmed; and the Supreme Court affirmed in part and reversed in part. *United States v. Arizona*, 703 F. Supp. 2d 980 (D. Ariz. 2010), *aff'd*, 641 F.3d 339 (9th Cir. 2011), *aff'd in part, rev'd in part*, 132 S. Ct. 2492 (2012).

A few days before this Court ruled on the United States' motion for preliminary injunction, defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of plaintiff's entire complaint for failure to state a claim upon which relief could be granted (Doc. 81). Defendants' motion asserted, among other things, that "A.R.S. § 13-2319 (Section 4) does not conflict with federal law" (Doc. 81 at 10). In its opposition to the motion, the United States asserted that "Section 4 of S.B. 1070 recodified the amended A.R.S. § 13-2319 as one element of the statute's 'attrition through enforcement' policy. The United States' challenge to Sections 1-6 of S.B. 1070 includes a specific challenge to A.R.S. § 13-2319, as recodified by Section 4" (Doc. 111 at 10 n.17).

This Court granted defendants' motion to dismiss in part, and denied it in part (Doc. 133). In denying the motion in relation to A.R.S. § 13-2319, the Court found that "[t]he Complaint challenges A.R.S. § 13-2319, which Section 4 of S.B. 1070 modified" (Doc. 133 at 13). The Court described § 13-2319 (not only that portion which was added by Section 4), and summarized the United States' arguments regarding its preemption (Doc. 133 at 13-15). The Court held, in conclusion, that "the United States has adequately

1  pled a facial challenge to A.R.S. § 13-2319," emphasizing that the United States had
2  challenged "*the entirety of A.R.S. § 13-2319*" (Doc. 133 at 15 & n.4, emphasis added).
3        Following the Supreme Court's decision in *Arizona v. United States* and a stay of
4  proceedings in this action pending the outcome of *Valle del Sol Inc. v. Whiting*, 732 F.3d
5  1006 (9th Cir. 2013) [hereinafter *Valle del Sol*], the parties discussed the resolution of the
6  remaining claims herein. In the course of that discussion, defendants informed the United
7  States, through counsel, that they believed the plaintiff had not properly presented a claim
8  against A.R.S. § 13-2319 (Attachment 1).

9  <center>ARGUMENT</center>

10        This Court has already found that the United States' complaint includes a challenge
11  to "the entirety" of A.R.S. § 13-2319, such that the "law of the case" doctrine precludes
12  defendants from arguing to the contrary.[2] Moreover, the Court of Appeals' decision in
13  *Valle del Sol* requires judgment for the United States enjoining A.R.S. § 13-2319. The
14  same principles that caused the court in *Valle del Sol* to hold that federal law preempts
15  A.R.S. § 13-2929, regarding the "transportation" of aliens, also require holding that
16  federal law preempts A.R.S. § 13-2319, regarding the "smuggling" of aliens.

17  I.    The "Law of This Case" Is That the United States Challenges
18        A.R.S. § 13-2319 In Its Entirety

19        "Under the 'law of the case' doctrine, a court is generally precluded from
20  reconsidering an issue that has already been decided by the same court, or a higher court
21  in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)
22  (internal quotation marks omitted). This doctrine "promotes the finality and efficiency of
23  the judicial process by protecting against the agitation of settled issues." *Christianson v.
24  Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotation marks
25  omitted); *see Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx),
26  2013 WL 2247394, at *7 (C.D. Cal. May 9, 2013) ("This rule promotes finality, and thus,

---

[2] Alternatively, if the Court now finds that this case does not include a challenge to A.R.S. § 13-2319, the United States would request leave to amend its complaint to add such a challenge.

the discretion of a court to revisit issues previously decided should be exercised sparingly."). Its purpose is "to maintain consistency and avoid reconsideration, during the course of a single continuing lawsuit, of those decisions that are intended to put a matter to rest." *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994) [hereinafter *Pit River*].

This doctrine "is not a limitation on a tribunal's power, but rather a guide to discretion." *Alexander*, 106 F.3d at 876.[3] A court may depart from the law of the case in "five possible" circumstances: "(1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Center for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D. Ariz. 2003) (citing *Alexander*, 106 F.3d at 876). "Absent one of the above exceptions, failure to apply the law of the case is an abuse of discretion." *Id*.

Under "the law of the case" doctrine, "*[i]ssues that a district court determines during pretrial motions become law of the case*." *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) (emphasis added) (footnote omitted); *see Pit River*, 30 F.3d at 1097 (rejecting argument that doctrine does not apply to interlocutory orders). Thus, for example, in *One Industries, LLC v. Jim O'Neal Distributing, Inc*., the appellee asserted that appellant had failed to preserve a certain issue for appeal by not raising it during summary judgment proceedings. 578 F.3d 1154, 1158 (9th Cir. 2009). The Ninth Circuit rejected that argument, noting that the district court had addressed the issue in an earlier order on a motion for more definite statement, and thus accepting appellant's assertion that "the law of the case doctrine precluded [the appellant] from raising [the issue] again during the summary judgment proceedings." *Id*. The ruling in the earlier order, the Court of Appeals said, was "the 'law of the case' and not subject to reopening." *Id*. at 1159; *see*

---

[3] 18 James Wm. Moore et al., Moore's Federal Practice § 134.21[1] (3d ed. 2014) ("When a court applies the law of the case doctrine to its own prior decisions . . . the traditional formulations of the doctrine must be conceived as rules of thumb and not as straightjackets on the informed discretion and sound practical judgment of the judge.").

4

*In re Flashcom, Inc.*, 503 B.R. 99, 127-28, 135 (C.D. Cal. 2013) (affirming bankruptcy judge's imposition of sanctions for motion *in limine* that "contravened the law of the case as set forth in [an earlier order denying a] summary judgment motion on the same issue").

More specifically in relation to this action, the Court of Appeals, this Court, and other district courts in this Circuit have held that conclusions reached on motions to dismiss – including motions to dismiss for failure to state a claim – become "law of the case." In *United States v. Phillips*, for example, the district court had resolved an essential issue in ruling on a motion to dismiss. 367 F.3d 846, 851-52 (9th Cir. 2004). Before the case went to the jury, the defendant moved for judgment of acquittal, observing that the prosecution had failed to present evidence at trial regarding that issue. The trial court denied the motion, referring to its order on the motion to dismiss. *Id*. at 852. The Ninth Circuit affirmed, noting that "[t]he law of the case doctrine precludes a court from reconsidering an issue that it has already resolved. . . . Thus, the district court would have abused its discretion if it had refused to abide by its previous ruling." *Id*. at 856 (footnotes omitted).

Similarly, another judge of this Court held that the "law of the case" doctrine was "determinative" of certain claims on a motion for summary judgment, where the Court had earlier addressed a central issue in ruling on motions to dismiss filed by other defendants in the same case. *See Mann v. GTCR Golder Rauner, LLC*, 483 F. Supp. 2d 864, 869-71 (D. Ariz. 2007). "In light of those prior rulings," the Court said, that issue was "not open to relitigation." *Id*. at 870. Even closer to the situation presented here, the court in *Hester v. Vision Airlines, Inc.*, had denied the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* No. 2:09-CV-0117-RLH-RJJ, 2011 WL 856871, at *1 (D. Nev. Mar. 9, 2011). Later, the court entered default judgment for the plaintiff, and the defendant moved to set aside the judgment on the grounds that the complaint did not contain well-pleaded facts to support it. *Id*.; *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("sufficiency of the complaint" as factor in considering propriety of default judgment). The court rejected that argument

5

based on the "law of the case" doctrine: "The law of this case, as established by the Court's denial of the Motion to Dismiss, is that the Complaint sufficiently pleads causes of action *and* facts to establish liability, if proven." *Hester*, 2011 WL 856871, at *2 (emphasis in original); *see Vanleeuwen*, 2013 WL 2247394, at *6-10 (court's denial of Rule 12(b)(6) motion filed by one defendant was "law of the case" on 12(b)(6) motion filed by another defendant); *Guadiana v. State Farm Fire & Casualty Co.*, No. CIV 07-326 TUC FRZ (GEE), 2009 WL 3763693, at *5-6 (D. Ariz. Nov. 10, 2009) (Report & Recomm.) (resolution of issue of contractual construction in relation to motion to dismiss was "law of the case" in relation to later motion for summary judgment), *adopted by district judge*, 2010 WL 1335626 (D. Ariz. Mar. 31, 2010).[4]

Under these principles, "the law of this case" is that the United States has properly pled a challenge to A.R.S. § 13-2319. By moving for dismissal under Rule 12(b)(6), defendants attacked plaintiff's pleading, asserting that the United States had failed to plead a viable claim against A.R.S. § 13-2319. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) ("The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint."). In denying that aspect of defendants' motion, this Court assessed the content of the complaint and "conclude[d] that the United States [had] stated a claim that *the entirety of A.R.S. § 13-2319* (including

---

[4] In light of all this precedent, it is inaccurate to say that the "law of the case" doctrine simply does not apply to issues over which a district court retains jurisdiction. *See Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014); *United States v. Smith*, 389 F.3d 944 (9th Cir. 2004); *Stollenwerk v. Tri-West Healthcare Alliance*, No. Civ. 03-0185PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005). As one authoritative commenter has observed, "Occasionally the undoubted power [of a district court] to revise [its own rulings] is reflected in statements that law-of-the-case principles do not apply to trial-court rulings. That view, baldly expressed, may generate some confusion. Only if law-of-the-case rules are [incorrectly] seen as constraints on *authority* is it helpful to say that the rules do not apply to reconsideration by a trial court. *The policies that support adherence to earlier rulings without perpetual reexamination surely do apply, whatever label is used. These policies regulate exercise of the undoubted power to reconsider.*" 18B Charles Alan Wright et al., Federal Practice & Procedure § 4478.1 (2d ed. 2002) (emphasis added) (footnotes omitted).

6

A.R.S. § 13-2319(E)) is pre-empted" (Doc. 133 at 15 n.4, emphasis added). The parties explicitly addressed whether the complaint included a claim against A.R.S. § 13-2319, and the Court explicitly and specifically held that it did.[5]

As in *Hester v. Vision Airlines, Inc.*, "[t]he law of this case, as established by the Court's [partial] denial of the Motion to Dismiss, is that the Complaint sufficiently pleads" a cause of action against A.R.S. § 13-2319. *See* 2011 WL 856871, at *2. Like the dismissal rulings that controlled the later motion for summary judgment in *Mann v. GTCR Golder Rauner, LLC*, this Court's order on defendants' motion to dismiss is "determinative" as to whether the plaintiff has pled a claim against A.R.S. § 13-2319. 483 F. Supp. 2d at 871. Nor could any of the exceptions to the "law of the case" doctrine conceivably apply here. *See Center for Biological Diversity*, 304 F. Supp. 2d at 1178. This Court's order on defendants' motion to dismiss "put [the] matter to rest." *See Pit River*, 30 F.3d at 1097.

II. <u>The Entirety of A.R.S. § 13-2319 Is Preempted by Federal Law</u>

Moreover, A.R.S. § 13-2319 (including that portion added by Section 4 of S.B. 1070) is preempted by federal law. Under § 13-2319, "[i]t is unlawful for a person to intentionally engage in the smuggling of human beings for profit or commercial purpose." A.R.S. § 13-2319(A). "Smuggling of human beings" is defined as "the transportation, procurement of transportation or use of property . . . by a person or an entity that knows or has reason to know that the person or persons transported or to be transported are not United States citizens, permanent resident aliens or persons otherwise lawfully in this state or have attempted to enter, entered or remained in the United States in violation of law." *Id*. § 13-2319(F)(3). Violation of this provision is a class 2, class 3, or class 4

---

[5] Even if such were not already the law of this case, the Court should find (again) that plaintiff has pled a challenge to A.R.S. § 13-2319. As noted above, the complaint, under the heading "**Section 4 of S.B. 1070/Ariz. Rev. Stat. 13-2319**," alleged that "Arizona's alien smuggling prohibition is preempted by federal law" and quoted the statute's definition of "smuggling," which pre-dated S.B. 1070 (Doc. 1 ¶¶ 50, 51). Indeed, the complaint cited that definition as A.R.S. § 13-2319(E), which was the correct reference *before* S.B. 1070 changed the designation to A.R.S. § 13-2319(F) (Doc. 1 ¶ 50).

7

felony, depending on the circumstances. *Id.* § 13-2319(B), (C); *see id.* § 13-702 (sentencing for first-time felony offenders).

In *Valle del Sol*, the plaintiffs asserted that federal law preempts a different provision – A.R.S. § 13-2929, which was enacted by Section 5 of S.B. 1070. 732 F.3d 1006 (9th Cir. 2013). A.R.S. § 13-2929 prohibits "a person who is in violation of a criminal offense" to transport or harbor an alien in certain circumstances, or to induce an alien to enter or reside in Arizona unlawfully. *See* A.R.S. § 13-2929(A). Specifically, and most importantly in relation to this case, the provision prohibits such a person from –

> [t]ransport[ing] or mov[ing] or attempt[ing] to transport or move an alien in this state, in furtherance of the illegal presence of the alien in the United States, in a means of transportation if the person knows or recklessly disregards the fact that the alien has come to, has entered or remains in the United States in violation of law.

A.R.S. § 13-2929(A)(1). Depending on how many aliens are involved, violation of this provision is a class 1 misdemeanor, punishable by a fine of "at least one thousand dollars," or a class 6 felony, punishable by a fine of "at least one thousand dollars for each alien who is involved." *See* A.R.S. § 13-2929(F).

The Ninth Circuit in *Valle del Sol* held that A.R.S. § 13-2929 is preempted by federal law, under principles of both field preemption and conflict preemption. 732 F.3d at 1022-29.[6] The court noted that the federal prohibition against transporting unlawfully present aliens, 8 U.S.C. § 1324, is "part of a larger federal scheme of criminal sanctions for those who facilitate the unlawful entry, residence, or movement of aliens within the United States." 732 F.3d at 1024. The court explained that the federal statute "presents a single comprehensive 'definition' of the federal crime of alien *smuggling* – one which tracks *smuggling* and related activities from their earliest manifestations (inducing illegal entry and bringing in aliens) to continued operation and presence within the United States (transporting and harboring or concealing aliens)." *Id.* at 1025 (emphasis added) (quoting

---

[6] The court also held that A.R.S. § 13-2929 is void for vagueness, because of the incomprehensibility of the phrase "a person who is in violation of a criminal offense." 732 F.3d at 1019-22.

1  *United States v. Sanchez-Vargas*, 878 F.2d 1163, 1169 (9th Cir. 1989)).  The court also
2  noted that Congress had explicitly authorized state and local officers to make arrests for
3  violation of 8 U.S.C. § 1324, *see* 8 U.S.C. § 1324(c), but had not authorized state
4  prosecutions.  732 F.3d at 1025.  As for conflict preemption, the Court of Appeals held
5  that the different and additional penalties under A.R.S. § 13-2929 disrupt "the congres-
6  sional calibration of force"; that the state statute "divest[s] federal authorities of the
7  exclusive power [and discretion] to prosecute these crimes"; and that A.R.S. § 13-2929
8  criminalizes conduct that the federal statute excepts.  732 F.3d at 1027-28.

9        For the same reasons, Arizona's smuggling statute – A.R.S. § 13-2319, as amended
10 by Section 4 of S.B. 1070 – is field and conflict preempted.  Both A.R.S. § 13-2929 and
11 A.R.S. § 13-2319 purport to prohibit transporting (or attempting/procuring transportation
12 of) an alien, with knowledge (or with reason to know or in reckless disregard of the fact)
13 that the alien is unlawfully present.  *Compare* A.R.S. § 13-2929(A)(1) *with* A.R.S.
14 § 13-2319(F)(3).  The only salient differences between the two statutes are that, under
15 A.R.S. § 13-2929, the transportation must have occurred "in furtherance of the illegal
16 presence of the alien," and that, under A.R.S. § 13-2319, the transportation must have
17 been "for profit or commercial purpose."

18       Like the transportation provision in *Valle del Sol*, the smuggling provision
19 challenged here encroaches upon the federal prohibition against transporting unlawfully
20 present aliens, interferes with the "congressional calibration of force" and with federal
21 prosecutorial discretion, and criminalizes conduct that the federal statute excepts.  732
22 F.3d at 1024-28.  Indeed, as noted above, the Court of Appeals referred to the federal
23 prohibition, 8 U.S.C. § 1324, as a *smuggling* statute.  732 F.3d at 1025 (quoting *Sanchez-*
24 *Vargas*, 878 F.2d at 1169).  Furthermore, in one sense, A.R.S. § 13-2319 is broader than
25 A.R.S. § 13-2929 (the statute found preempted in *Valle del Sol*) because the former does
26 not require that the transportation occurred "in furtherance of the illegal presence of the
27 alien."  And there is no reason to believe that the "profit or commercial purpose"
28 requirement in A.R.S. § 13-2319 would remove the statute from the "field" of alien

9

transportation preempted by federal law, or cause the statute to conflict any less with federal law.[7]

CONCLUSION

This Court has already found that the United States' complaint includes a challenge to "the entirety" of A.R.S. § 13-2319, such that the "law of the case" doctrine precludes defendants from arguing to the contrary. Moreover, the same principles that caused the Court of Appeals in *Valle del Sol* to hold that federal law preempts A.R.S. § 13-2929, regarding the "transportation" of aliens, also require holding that federal law preempts A.R.S. § 13-2319, regarding the "smuggling" of aliens. Accordingly, this Court should enter judgment on the pleadings in favor of the United States on its claim against A.R.S. § 13-2319 (including Section 4 of S.B. 1070).

Dated:  July 18, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOHN S. LEONARDO
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director

s/ W. Scott Simpson
_____
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel

---

[7] Given that the subsection added by Section 4 of S.B. 1070 – that is, A.R.S. § 13-2319(E) – simply provides law enforcement officers with authority to be used "in the enforcement of" A.R.S. § 13-2319, that subsection is necessarily preempted along with the rest of the statute.

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 514-3495
Facsimile:  (202) 616-8470
E-mail:       scott.simpson@usdoj.gov

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

s/ W. Scott Simpson
_____
W. SCOTT SIMPSON

11