**Simpson, Scott (CIV)**

| | |
|---|---|
| **From:** | Henry, Bob <bhenry@swlaw.com> |
| **Sent:** | Wednesday, May 14, 2014 3:01 PM |
| **To:** | Simpson, Scott (CIV) |
| **Subject:** | RE: United States v. Arizona |

Scott,

Thanks for your response.  Yes, you have captured what I understand to be the current proposal – in concept – being discussed by the parties with respect to the potential resolution of the Section 2 and 5 issues.   With respect to the Section 4 issues, we understand your position, but have not changed ours.  As we discussed on the phone, our clients are unwilling to stipulate to any Section 4 issues at this time.

Please let us know if you want to address and resolve the Section 2 and 5 issues as discussed in our call on Monday and addressed in your e-mail below.

Regards,

Bob

Robert A. Henry
Snell & Wilmer
One Arizona Center
Phoenix, Arizona  85004
(602) 382-6259 (direct)
(602) 448-9900 (cell)
(602) 382-6070 (fax)
bhenry@swlaw.com

**From:** Simpson, Scott (CIV) [mailto:Scott.Simpson@usdoj.gov]
**Sent:** Tuesday, May 13, 2014 2:05 PM
**To:** Henry, Bob
**Subject:** United States v. Arizona

Bob:

Thank you for discussing this case with me yesterday.  Based on our conversation, I understand that the defendants are willing to stipulate to an injunction against Section 5 of S.B. 1070 and A.R.S. § 13-2929, in conjunction with the plaintiff's dismissal, without prejudice, of our claim against Section 2(B).  You also told me, however, that the defendants are not willing to stipulate to an injunction against A.R.S. § 13-2319, which was amended by Section 4 of S.B. 1070, because you do not believe the United States properly presented a claim against A.R.S. § 13-2319.

After reviewing the file of this matter, we disagree with the defendants' position and we hope you will change your position.  As you may remember, the defendants filed a motion to dismiss in this action, asserting that the United States had failed to state a claim for purposes of Fed. R. Civ. P. 12(b)(6).  Your motion argued, among other things, that "A.R.S. § 13-2319 (Section 4) does not conflict with federal law" (Doc. 81 at 10).  In denying that aspect of defendants' motion to dismiss, the Court noted that "[t]he Complaint challenges A.R.S. § 13-2319, which Section 4 of S.B. 1070 modified" (Doc. 133 at 13).  The Court described § 13-2319 (not only that portion which was added by Section 4), and summarized the plaintiff's arguments regarding its

preemption.  The Court held, in conclusion, that "the United States has adequately pled a facial challenge to A.R.S. § 13-2319," and even emphasized that such a claim had been stated regarding "the <u>entirety</u> of A.R.S. § 13-2319" (Doc. 133 at 15 & n.4, emphasis added).

On this basis, it seems clear that a viable claim against A.R.S. § 13-2319 remains pending in this action.  Please let me know whether you agree.  As indicated previously, we believe the rationale of *Valle del Sol, Inc., v. Whiting*, 732 F.3d 1006 (9th Cir. 2013), requires holding that A.R.S. § 13-2319 is preempted by federal law.

Scott

------------------------------------
W. Scott Simpson
Senior Trial Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice