# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-10-01413-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona; and Janice K. Brewer, Governor of the State of Arizona, in her Official Capacity, | |
| Defendants. | |

At issue is the United States' Motion for Partial Judgment on the Pleadings ("Pl.'s Mot.") (Doc. 202) concerning A.R.S. § 13-2319. The Court heard oral argument on the Motion on November 3, 2014. (*See* Doc. 214, Minute Entry.)

**I.   BACKGROUND**

The Court has summarized the facts of this case in several previous orders, which are fully incorporated herein. (*See* Doc. 87, July 28, 2010 Order at 1-10; Doc. 133, Dec. 10, 2010 Order at 1-7.) A.R.S. § 13-2319 makes it "unlawful for a person to intentionally engage in the smuggling of human beings for profit or commercial purpose." A.R.S. § 13-2319(A). The phrase "smuggling of human beings"

> means the transportation, procurement of transportation or use of property or real property by a person or an entity that knows or has reason to know that the person or persons transported or to be transported are not United States citizens, permanent resident aliens or persons otherwise lawfully in this state or have attempted to enter, entered or remained in the United States in violation of law.

*Id.* § 13-2319(F)(3). The United States moves for a court order permanently enjoining

1  A.R.S. § 13-2319. (*See* Pl.'s Mot. at 3-10.) This challenge involves the only unresolved
2  claim left in this lawsuit. In opposing the Motion, Defendants argue that the United States
3  did not challenge A.R.S. § 13-2319 in its entirety but only Section 4 of S.B. 1070, which
4  added a new provision under subsection (E) of the statute. (Doc. 207, Defs.' Resp. to
5  Pl.'s Mot. ("Defs.' Resp.") at 6-7); A.R.S. § 13-2319(E) ("Notwithstanding any other
6  law, in the enforcement of this section a peace officer may lawfully stop any person who
7  is operating a motor vehicle if the officer has reasonable suspicion to believe the person
8  is in violation of any civil traffic law."). Alternatively, Defendants argue that the United
9  States has not shown that federal law preempts A.R.S. § 13-2319. (*Id.* at 7-10.)

## II.   LEGAL STANDARDS AND ANALYSIS

The standard that applies to motions for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is the same standard that governs Rule 12(b)(6) motions to dismiss. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that the "principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing" and "[b]ecause the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog"). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (alteration in original) (internal quotation marks omitted).

### A.   The United States has challenged the entirety of A.R.S. § 13-2319

Defendants argue that the United States has pled a challenge to only the one subsection Section 4 of S.B. 1070 amended under A.R.S. § 13-2319. (Defs.' Resp. at 6.) To support this argument, Defendants note that the Complaint does not specifically identify A.R.S. § 13-2319 as one of the provisions the United States challenges under the preemption claims in Counts One and Two, and the Complaint fails to request any relief concerning A.R.S. § 13-2319 in the prayer for relief. (*Id.*; *see* Doc. 1, Compl. ¶¶ 61-65 & Prayer for Relief.) The United States counters that the Court has already found that the

1  Complaint includes a challenge to the entirety of A.R.S. § 13-2319 in the December 10,
2  2010 Order addressing Defendants' Motion to Dismiss. (*See* Pl.'s Mot. at 3-7.) The
3  United States therefore argues that the law of the case doctrine forecloses Defendants'
4  argument. (*Id.*); *see United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)
5  ("Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering
6  an issue that has already been decided by the same court, or a higher court in the identical
7  case.'" (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993))).

8        The Court agrees with the United States that Defendants' argument is foreclosed
9  by the December 10, 2010 Order. Defendants' argument is also not supported by any
10 reasonable interpretation of the Complaint. In considering the Defendants' Motion to
11 Dismiss, the Court noted that "[t]he Complaint challenge[d] A.R.S. § 13-2319, which
12 Section 4 of S.B. 1070 modified." (Dec. 10, 2010 Order at 13.) In evaluating the United
13 States' allegation that the smuggling definition under A.R.S. § 13-2319 was an
14 impermissible regulation of immigration on field and conflict preemption grounds, "the
15 Court conclude[d] that the United States ha[d] stated a claim that the entirety of A.R.S.
16 § 13-2319 . . . is preempted." (*Id.* at 14-15 n.4.)[1] The specific sections of the Complaint
17 Defendants refer to do not expressly list A.R.S. § 13-2319; however, prior sections make
18 clear that this action challenges the entirety of A.R.S. § 13-2319. In one section of the
19 Complaint, under the heading "**Section 4 of S.B. 1070/Ariz. Rev. Stat. 13-2319**," the
20 United States alleged that "Arizona's alien smuggling prohibition is preempted by federal
21 law, including 8 U.S.C. § 1324." (Compl. ¶¶ 50-51.) The United States specifically
22 alleged that "Arizona's smuggling prohibition . . . conflicts with and otherwise stands as

---

[1] Defendants contend that the Court's ruling on the United States' Motion for Preliminary Injunction demonstrates that "the United States' challenge to Section 4 of S.B. 1070 in not sufficient to challenge A.R.S. § 13-2319." (Defs.' Resp. at 6; *see* July 28, 2010 Order.) Nothing the Court said in that Order supports this argument; in fact, the discussion undermines this assertion. Although the United States did not seek to enjoin A.R.S. § 13-2319 at that early stage of the litigation, the Order clearly indicated that the United States' challenge to A.R.S. § 13-2319 went beyond the "minor change to Arizona's preexisting human smuggling statute" made by Section 4 of S.B. 1070. (*See* July 28, 2010 Order at 23 ("[T]he arguments asserted by the United States in support of enjoining Section 4 pertain entirely to separate provisions of A.R.S. § 13-2319 and do not challenge the change embodied in Section 4.").)

- 3 -

an obstacle to the full purposes and objectives of Congress in creating a comprehensive system of penalties for aliens who are unlawfully present in the United States." (*Id.* ¶ 51.) In making this claim, the United States cited A.R.S. § 13-2319's definition of "smuggling," which predated S.B. 1070. (*Id.* ¶ 50.) The inclusion of this definition would make no sense if the United States only intended to challenge Section 4 of S.B. 1070. Section 4 of S.B. 1070 only added one subsection to A.R.S. § 13-2319 and did not change the definition of smuggling under Arizona law. Indeed, as the United States notes, the Complaint cited the definition of smuggling as being codified under A.R.S. § 13-2319(E), which was the correct reference *before* S.B. 1070 changed the designation to A.R.S. § 13-2319(F). The Court therefore rejects Defendants' position that the United States has not challenged all sections of A.R.S. § 13-2319, as amended by Section 4 of S.B. 1070.

### B.   Federal law preempts A.R.S. § 13-2319

The Ninth Circuit Court of Appeal's holding in *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1876 (2014), compels the conclusion that federal law preempts A.R.S. § 13-2319 under the principles of field and conflict preemption. In *Valle del Sol*, the Ninth Circuit affirmed this Court's grant of a preliminary injunction concerning A.R.S. § 13-2929, which was contained in Section 5 of S.B. 1070. *Id.* at 1012. That statute prohibited "a person who is in violation of a criminal offense" from "transporting, concealing, harboring, or attempting to transport, conceal, or harbor an unauthorized alien, at least under certain circumstances." *Id.* at 1012-13. Of significance, the statute contained a subsection that the Ninth Circuit referred to as a smuggling provision that prohibited a person from

> [t]ransport[ing] or mov[ing] or attempt[ing] to transport or move an alien in this state, in furtherance of the illegal presence of the alien in the United States, in a means of transportation if the person knows or recklessly disregards the fact that the alien has come to, has entered or remains in the United States in violation of law.

*Id.* at 1013 (quoting A.R.S. § 13-2929(A)(1)). When viewed under the guiding preemption principles laid out by the U.S. Supreme Court, the Ninth Circuit concluded

that federal law preempted A.R.S. § 13-2929 under both field and conflict preemption analysis. *See id.* at 1022-29.[2]

In the field preemption analysis, the Ninth Circuit began by making note of the U.S. Supreme Court's instruction in an appeal in this case that "the federal government has 'broad, undoubted power over the subject of immigration and the status of aliens.'" *Id.* at 1023 (quoting *Arizona v. United States*, 132 S. Ct. 2492, 2498 (2012)). The Ninth Circuit compared A.R.S. § 13-2929 with the federal prohibition against transporting or harboring unauthorized aliens under 8 U.S.C. § 1324, which the court called "part of a larger federal scheme of criminal sanctions for those who facilitate the unlawful entry, residence, or movement of aliens within the United States." *Id.* at 1024. In describing the extensive and complex federal immigration scheme that 8 U.S.C. § 1324 was part of, the court explained that the federal statute "present[ed] a single comprehensive 'definition' of the federal crime of alien smuggling—one which tracks smuggling and related activities from their earliest manifestations (inducing illegal entry and bringing in aliens) to continued operation and presence within the United States (transporting and harboring or concealing aliens)." *Id.* at 1025 (quoting *United States v. Sanchez-Vargas*, 878 F.2d 1163, 1169 (9th Cir. 1989)). The Ninth Circuit noted that although Congress had explicitly authorized state and local officers to make arrests for violations of 8 U.S.C. § 1324, it had not authorized state prosecutions; instead, Congress "vested that power exclusively in the federal authorities." *Id.* In concluding that A.R.S. § 13-2929 was field preempted, the court ultimately agreed with the analysis of other federal circuit courts striking down similar state statutes—mainly, that "the federal government has clearly expressed more than a 'peripheral concern' with the entry, movement, and residence of aliens within the United States and the breadth of these laws illustrates an overwhelming dominant federal interest in the field." *Id.* at 1026.

In the conflict preemption analysis, the Ninth Circuit "conclude[d] that [A.R.S.]

---

[2] The Ninth Circuit also held that A.R.S. § 13-2929 was void for vagueness because the phrase "in violation of a criminal offense" was "incomprehensible to a person of ordinary intelligence." *Id.* at 1022.

- 5 -

1  § 13-2929 [wa]s conflict preempted because, although it share[d] some similar goals with
2  8 U.S.C. § 1324, it 'interfere[d] with the careful balance struck by Congress with respect
3  to' the harboring of unauthorized aliens." *Id.* (quoting *Arizona*, 132 S. Ct. at 2505). The
4  court offered three primary reasons why it had reached this conclusion: (1) the additional
5  and different state penalties under A.R.S. § 13-2929 disrupted "the congressional
6  calibration of force"; (2) the statute "divest[ed] federal authorities of the exclusive power
7  to prosecute these crimes"; and (3) the statute "criminaliz[ed] conduct not covered by the
8  federal harboring provision." *Id.* at 1027-28.

9  Defendants do not make any attempt to distinguish A.R.S. § 13-2319 from the
10 statute addressed in *Valle del Sol* or otherwise explain why the Ninth Circuit's holding in
11 *Valle del Sol* does not control the outcome here. Defendants instead rely exclusively on
12 two non-binding Arizona Court of Appeals decisions that predate *Valle del Sol* and the
13 U.S. Supreme Court's decision in *Arizona v. United States* to argue that A.R.S. § 13-2319
14 is not *conflict* preempted. (*See* Defs.' Resp. at 7-10); *In re Holiday Airlines Corp.*, 647
15 F.2d 977, 980 (9th Cir. 1981) ("[A federal court] [is] not bound by state court decisions
16 on the preemptive effect of federal law."). Defendants do not develop any argument for
17 how A.R.S. § 13-2319 survives the field preemption analysis.

18 A.R.S. § 13-2319 is field preempted. The statute "attempts to regulate conduct—
19 the transportation . . . of unauthorized aliens—that the federal scheme" under 8 U.S.C.
20 § 1324 also addresses. *See Valle del Sol*, 732 F.3d at 1024. "Federal law . . . prohibits a
21 nearly identical set of activities as [A.R.S. § 13-2319]." *Id.*; *see also* 8 U.S.C.
22 § 1324(a)(1)(A)(ii) (punishing any person who "knowing or in reckless disregard of the
23 fact that an alien has come to, entered, or remains in the United States in violation of law,
24 transports, or moves or attempts to transport or move such alien within the United States
25 by means of transportation or otherwise, in furtherance of such violation of law").
26 "Section 1324 is also part of a larger federal scheme of criminal sanctions for those who
27 facilitate the unlawful entry, residence, or movement of aliens within the United States."
28 *Valle del Sol*, 732 F.3d at 1024 (collecting statutes). As the Ninth Circuit held in *Valle del*

*Sol* interpreting almost identical language in A.R.S. § 13-2929, there is no way to read A.R.S. § 13-2319 other than as being concurrent state legislation where there is an "overwhelmingly dominant federal interest in the field." *Id.* at 1026 (quoting *Lozano v. City of Hazleton*, 724 F.3d 297, 316 (3d Cir. 2013), *cert. denied*, 134 S. Ct. 1491 (2014)).

A.R.S. § 13-2319 "is conflict preempted because, although it shares some similar goals with 8 U.S.C. § 1324, it 'interfere[s] with the careful balance struck by Congress with respect to' the harboring of unauthorized aliens." *Id.* (alteration in original) (quoting *Arizona*, 132 S. Ct. at 2501). This conclusion is required under *Valle del Sol* because like the statute in that case, A.R.S. § 13-2319 imposes additional and different state penalties than federal law; it divests federal authorities of the exclusive power to prosecute these specific smuggling crimes; and criminalizes conduct not covered by 8 U.S.C. § 1324 because it does not contain a safe harbor exception for religious activities like the federal statute does. *Id.* at 1027-28.

### III. CONCLUSION

The United States has challenged the entirety of A.R.S. § 13-2319 and not just the subsection added by Section 4 of S.B. 1070. The Ninth Circuit's holding in *Valle del Sol Inc. v. Whiting* dictates that federal law preempts A.R.S. § 13-2319 on both field and conflict preemption grounds.

**IT IS ORDERED** granting the United States' Motion for Partial Judgment on the Pleadings (Doc. 202).

**IT IS FURTHER ORDERED** that A.R.S. § 13-2319, as amended by Section 4 of S.B. 1070, is declared preempted by federal law and is permanently enjoined.

Dated this 7th day of November, 2014.

_____
Susan R. Bolton
United States District Judge